JOHN McPHERSON v. R. B. PARKER, W. J. LOWRY, AND FRANK STEWART.

PARTIES TO A SUIT IN EQUITY.—If a debtor assigns his property to trustees to be by them sold, and the proceeds to be divided *pro rata* among the creditors, one creditor cannot, after the property has been converted into money, maintain an action against the trustees for an accounting and for judgment for his *pro rata* share, without making the other creditors parties, and the assignor a defendant.

WHAT JUDGMENTS IN EQUITY SHOULD PROVIDE FOR.—Where a decision is made in a suit in equity upon any particular subject matter, the rights of all persons whose interests are immediately connected with that decision, and affected by it, should be provided for.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The Court overruled the demurrer, and plaintiff recovered judgment. The defendants appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Frank T. Baldwin,* and *John C. Byers,* for Appellants, argued that the rights of McPherson could not be ascertained, and his *pro rata* in the trust fund ascertained without first ascertaining the *pro rata* share of each of the other creditors, and that they should have been made parties plaintiff, unless they or any of them refused, and in that case they should have been made defendants; and cited Practice Act, Sec. 4; *Ord* v. *McKee,* 5 Cal. 515; *Valentine* v. *Wetherill,* 31 Barb. 655. They also argued that if this action could be maintained each of the *cestuis que trust* could maintain a similar action, and that Courts of equity delighted in settling the rights of all persons who are interested; and cited 1. Van Santvoord's Equity Prac. 76–78, and authorities there cited; *Hallet* v. *Hallet,* 2 Paige, 19; *Dean* v. *Chamberlin,* 6 Duer, 691; *Coster* v. *N. Y. and Erie R. R. Co.* 6 Id. 43; *Bishop* v. *Houghton,* 1 E. D. Smith, 566; *Whitney* v. *Stark,* 8 Cal. 514; *Paff* v. *Kinney,* 5 Sandf. 380; 3 Ashbott's Prac. 332. They also argued that Matthews should have been made a party defendant on the ground of interest.

*M. G. Cobb,* for Respondent, argued that in case of several trustees, *cestuis que trust,* who were entitled to certain aliquot parts of an ascertained trust fund, one of them might sue the trustees for his share, without joining the other *cestuis que trust* as parties; and cited Hill on Trustees, mar. pp. 546, 519; *Smith* v. *Snow,* 3 Mad. 10; *Hutchinson* v. *Townsend,* 2 Kern. 675; *Perry* v. *Knott,* 5 Beav. 293; Story's Eq. Pl. Sec. 207; and *Perkins* v. *Church,* 31 Barb. 87.

By the Court, Shafter, J.:

The complaint alleges an assignment by one Matthews to defendants for the benefit of the creditors of the assignor—some twenty in number—and of whom the plaintiff was one. By the terms of the trust as set forth, the property was to be sold by the trustees, and the proceeds divided among the creditors *pro rata.* It is averred that the whole of the

property has been sold and that the proceeds have been collected and are now held by defendants; that the debt of the plaintiff is one thousand four hundred and twenty-four dollars and eleven cents, and that the defendants have refused to pay plaintiff his *pro rata* thereon, though often requested so to do. The prayer is for an account of all the moneys received and paid out by the trustees as such, and that the plaintiff may have judgment for his distributive share.

The complaint was demurred to on the ground that all of the creditors should have been joined either as parties plaintiff or defendant, and that Matthews should have been joined as defendant.

It is a principle of equity jurisprudence that where a decision is made upon any particular subject matter, the rights of all persons, whose interests are immediately connected with that decision and affected by it, shall be provided for, as far as they reasonably may be. In this respect there is an essential distinction between the practice of the Courts of common law and that of Courts of equity. It is the constant aim of Courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the Court may be perfectly safe to those who are compelled to obey it, and, also, that future litigation may be prevented. Hence the common expression that Courts of equity delight to do justice and not by halves. When all the parties are before the Court the whole case may be seen, but it may not where all the conflicting interests are not brought out upon the pleadings by the original parties thereto. (1 Sto. Eq. Pl. Sec. 72.) The general rule in suits respecting trust property brought either by or against trustees is, that the *cestuis que trust* are necessary parties. (Ib. Sec. 207.) The bill in this action respects the trust property; no relief can be granted to the plaintiff except as the result of a general accounting; and still it is apparent that as matters now stand a decree entered in the plaintiff's favor will bind neither Matthews nor the creditors at

58

large, and therefore when complied with by the trustees will not protect them against future litigation. The counsel of the respondent, admitting the general rule, claim that the case is within one of the settled exceptions to it, viz: "If a party is entitled to an aliquot part, such as a quarter or half of an ascertained and definite trust fund, in such case he may sue for his own portion thereof without making the other *cestuis que trust* parties." (1 Sto. Eq. Pl.) The exception goes upon the ground that in such case there is no community of property or interest among the beneficiaries; on the ground, in short, that the trust is several and not joint in its structure. The case at bar is not within the exception. The money value of the trust property is not "ascertained" in the trust deed, nor is its money value averred in the complaint. The plaintiff is not entitled by the terms of the instrument to any given aliquot part of the fund, but only to share with other creditors *pro rata*.

Judgment reversed and cause remanded, with leave to the plaintiff to amend his complaint.