[L. A. No. 104.   Department Two.—July 10, 1897.]

JANE ALISON ET AL., RESPONDENTS, *v.* ISAAC GOLD-
TREE ET AL., DEFENDANTS.   ISAAC GOLDTREE,
APPELLANT.

TRUSTS—ACTION FOR ACCOUNTING—NECESSARY PARTIES—BENEFICIARIES—
JURISDICTION — WAIVER OF OBJECTION BY TRUSTEE — FORMER JUDG-
MENT—ADOPTION BY BENEFICIARIES—RES ADJUDICATA.—The general
rule that in an action in equity against a trustee for an accounting of the
trust, the beneficiaries of the trust are necessary parties, is a rule of
convenience for the protection of the trustee against further litigation
at the instance of omitted beneficiaries, and the objection to the ab-
sence of certain beneficiaries as parties to such action does not go to the
jurisdiction of the court over the subject matter of the action, and is
waived by the trustee when not urged in the trial court; and a judg-
ment in such action determining that a certain sum was then due to the
trust from the trustee, without any apportionment of funds among the
beneficiaries, and which does not disclose on its face that the omitted
beneficiaries were within the jurisdiction, is conclusive upon the trustee
in a second action for an accounting in which all the beneficiaries are
parties, and in which the omitted parties in the former action have
adopted and consented to the judgment as fixing the amount due from
the trustee at its date; and the trustee cannot in such second action
demand an accounting of the whole trust *de novo*, but only from the date
of the former judgment.
ID.—MISMANAGEMENT OF TRUST—REDUCED ALLOWANCE FOR COMMISSIONS
AND EXPENSES.—Where it appears that the trustee has mismanaged the
trust funds, and commingled them with partnership funds, a reduction of
his commissions and expenses as trustee will not be held unreasonable.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County and from an order denying a
new trial.   V. A. GREGG, Judge.

The facts are stated in the opinion of the court, and
in the opinion rendered in *Estate of Thompson*, 101
Cal. 349.

*Edward P. Cole*, and *Ernest Graves*, for Appellant.

*Myrick & Deering*, for Respondents.

HENSHAW, J.—This action is in equity, and is brought
by the plaintiffs as beneficiaries under a trust created
by the will of Jonathan Thompson, deceased, against

defendant Isaac Goldtree, as trustee of the trust, to compel an accounting from and after the second day of October, 1892, and for the removal of the trustee. The defendants other than Isaac Goldtree were brought in as claiming some beneficial interest under the trust. Proper allegations were made showing that in another action against this trustee for an accounting it was adjudged and decreed that there was due to the trust from him the sum of twelve thousand one hundred and fifty-four dollars and sixty-eight cents. By this earlier action the transactions of the trustee were passed upon by the court from the inception of his duties to the second day of October, 1892. It is pleaded that this judgment is a final determination of the trustee's responsibility down to the date last mentioned, and for that reason the accounting is asked only for the period of time that has since elapsed.

From the judgment obtained against him in the former action Goldtree took his appeal, and the decision of the matter, with many of the facts pertinent to this consideration, will be found set forth in *Estate of Thompson,* 101 Cal. 349.

Defendant Goldtree for answer denied the validity of the former judgment pleaded against him, and undertook to set forth all of his transactions and dealings with the trust, from the beginning of his connection with it to the present time. Such portions of his answer as contain these matters were upon motion stricken out. Upon trial the judgment was admitted in evidence against him, and was treated by the court as determinative of all matters pertaining to his relations with the trust down to the date of the judgment. Goldtree, therefore, was not allowed to make proof of any of these antecedent transactions. The court found that there was due from Goldtree to the trust the sum of twelve thousand one hundred and ninety-four dollars and twenty-one cents, and ordered his removal from office. From this judgment and from the order denying him a new trial he appeals.

It is urged as a fundamental error pervading the
whole case that the judgment in *Estate of Thompson,*
*supra,* was treated by the court as valid, subsisting, and
a finality between these parties litigant, when in law it
was absolutely void; that, therefore, the court erred in
striking out the portions of defendant's answer, erred in
allowing the judgment to be admitted in evidence
against him, and erred in forbidding him to treat his
dealings with the trust as open to complete hearing and
settlement in this action.   This is predicated upon the
very familiar principles of equity procedure that it will
not permit litigation by piecemeal, and that in an ac-
counting upon a trust all of the beneficiaries of the trust
are necessary parties, coupled with the facts that in the
former case not all of the beneficiaries under the testa-
mentary trust were before the court, and that the ab-
sence of the others was not accounted for or explained.
Therefore, it is urged, the judgment could not operate
by way of bar or estoppel to the rights of defendant
Goldtree to make a full showing of his dealings with
the trust property.

It is certainly the general rule, as appellant con-
tends, that in an action in equity against a trustee for
an accounting, the beneficiaries of the trust are neces-
sary parties, and where the absence of any of them
is shown the court will order them brought in, and
will refuse to proceed until they are before it, or should
it so proceed despite the protests of the trustee, the
decree will be reversed upon appeal.   But the rule in
such a case is a rule of convenience.   It is designed
for the protection of the trustee himself in order that
he may not be subject to harassment by further liti-
gation at the instance of the omitted beneficiaries,
who would not be bound by the former judgment.
Thus it is said in Barbour on Parties, page 555: "If a
party omits to object either by plea, answer, or de-
murrer, for want of parties who are only necessary to
protect him from further litigation, the court may re-
fuse to sustain the objection at the hearing, and, if the

objection be not raised upon the record or by a demurrer *ore tinus*, it will not be a ground for a reversal of the decree." In *Dias* v. *Bouchard*, 10 Paige, 445, the learned chancellor, Walworth, draws the distinction with his usual clearness: "I think the defendants would have had the right to insist, in relation to a part of the relief prayed for by the bill, that such persons should have been made parties, so as to make the account of the trust and of the application of the trust property conclusive upon them, and that he might not be compelled to account a second time to them in relation to the same matter; but a person may be a necessary party within the meaning of the rule requiring all persons interested to be made parties, although the proper decree may be made as to the subject matter of the litigation in his absence, if the defendant makes no objection, and in such a case if the defendant neglects to make the objection by plea, answer, or demurrer, of the want of parties who are only necessary to protect him from further litigation, the court in its discretion may refuse to sustain objections at the hearing or require the cause to stand over to add new parties in that stage of the suit."

So here in *Estate of Thompson, supra,* an accounting was had at the instance of certain of the beneficiaries, though not of all. It was decreed that the court had jurisdiction of the subject matter of the litigation, and the determination of the court was that there was due to the trust from Goldtree a large sum of money. It was not attempted in that action to distribute the fund amongst the beneficiaries, or to determine their respective interests therein. In the action at bar all the beneficiaries are present. The major portion of them by their bill adopt the determination of the court in the former action as stating the true amount due to the trust, and bind themselves accordingly. As to them, then, there is no possibility to Goldtree of future embarrassment or litigation. Such of the beneficiaries as are made defendants do not object to the introduction

of the former judgment, but consent to and are likewise bound by it.

There are then these facts presented: 1. That upon direct appeal from and attack upon the judgment in *Estate of Thompson, supra,* objection was made in this court for the first time to the absence of necessary parties to the proceedings in the trial court, and the objection was not held valid; 2. As declared in the opinion upon the former case, the court had jurisdiction of the subject matter of the litigation; 3. Its judgment was but a determination that there was due to the trust from the trustee a certain sum of money, and this determination did not attempt to apportion the funds amongst the beneficiaries. It was not a decree calling upon the absent parties to act, nor yet did it prejudice them in any of their rights; 4. The judgment-roll in the former case presented upon this appeal does not show that the omitted beneficiaries were within the jurisdiction of the court; and, finally, all the beneficiaries in the present action have accepted the former decree as to the amount due from Goldtree, and thus the latter is entirely relieved from all danger of embarrassment in future suits. The rule requiring all the beneficiaries to be parties, being, as has been said, one of convenience for the trustee, to protect him from such future annoyance, and the trustee in the former action not having availed himself of his right to demand their presence before a judgment was taken against him, he may not in this case be allowed to invoke it.

For these reasons it is held that the rulings of the court in the matters complained of were correct.

In *McPherson* v. *Parker,* 30 Cal. 455, relied upon by appellant, the trial court overruled the demurrer brought by one creditor against the assignees for the benefit of creditors of an insolvent. The bill demanded an accounting and the payment to plaintiff of his *pro rata* share of the trust property. It did not, however, make the other creditors parties. The court very properly held upon direct attack, under the appeal of the assign-

ees, that the bill should not have been retained, placing
the decision upon the well-settled ground that the de-
cree so obtained at the instance of one creditor in the
absence of the other would not be binding upon the cred-
itors not parties, and when complied with by the trust-
ees would not protect them against future litigation.
But in this case the point was made in the trial court,
and regularly brought before the appellate tribunal for
review. In *O'Connor* v. *Irvine,* 74 Cal. 435, another
case to which appellants look for support, action was
brought by plaintiff to declare a trust and compel the
performance of it. The plaintiff, however, claimed the
trust property in his own right, and to the exclusion of
another, who it appeared was an actual beneficiary
therein under the trust. This court, in its opinion,
quoted the provisions of the Code of Civil Procedure,
section 389, to the following effect: " The court may
determine any controversy between parties before it
when it can be done without prejudice to the rights of
others, or by saving their rights; but when a complete
determination of the controversy cannot be had without
the presence of other parties, the court must then order
them to be brought in." The gist of the decision is
found in the following sentence: " In the absence of
Selover as a party, a complete determination of the
controversy, we think, cannot be had without prejudice
to his, Selover's rights." Such, however, was not the
case presented by the bill in *Estate of Thompson, supra.*
There, as has been pointed out, while all the bene-
ficiaries were not parties to the action, they were
all named in the bill as beneficiaries, and the only
decree sought was one establishing the amount due
from the trustee to the trust. The only injury which
could result from the absence of certain of the benefi-
ciaries, was the danger of future litigation against the
trustee at their instance. But the trustee's failure to
present the point to the trial court was equivalent to a
waiver of this rule designed for his benefit.

The allowance by the court of commissions to the

trustee, and of attorneys' fees for services rendered to him in this and the former litigation, does not call for extended consideration. The trustee upon this trial testified that he managed the trust funds in all respects as he had formerly done. As to his former management, the court found that "he willfully mismanaged his trust, and had mingled the trust funds with those of a partnership of which he was a member, and had permitted them to be used in business for the partnership, and at no time kept the funds distinct from the funds of the partnership." Under this finding, it may not be held that the allowances were unreasonable.

The judgment and order appealed from are affirmed.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.