Garoutte, J., Van Dyke, J., Harrison, J.

[L. A. No. 497.    Department One.—August 10, 1899.]

ISAAC LASAR et al., Respondents, v. C. O. JOHNSON et al., Appellants.

SUBSCRIPTION FOR ENTERTAINMENT OF DELEGATES—CONSIDERATION—
OBLIGATIONS INCURRED AT SUBSCRIBERS' REQUEST.—Under a subscription to a fund to be paid to a committee of a Parlor of Native Sons toward the expense of entertaining delegates to a meeting of the Grand Parlor, the request of subscribers, upon demand of payment, that the committee should regard their subscription as cash, and proceed with their arrangements, and the action of the committee in incurring obligations on the faith of the request, was a sufficient consideration to fix the liability of the subscribers.

ID.—TIME OF REQUEST.—It is not necessary that such request should be made at the time of the subscription.

ID.—SUBSCRIPTION BY HOTELKEEPERS—CONTRACT—COMPLIANCE WITH CONDITIONS.—A subscription by hotel-keepers under an agreement with the committee that either a ball or a banquet should be given to the delegates at their hotel, and, in case neither was given, the subscription should be reduced one-half, is converted by such agreement into a contract, and the giving of a ball thereat in compliance with the condition of the agreement is a good consideration for the promise to pay the full amount of the subscription; and no question can be raised as to any reduction of the liability.

ID.—SUBSCRIPTION FOR "ENTERTAINMENT" OF DELEGATES—CONSTRUCTION.—A subscription for the entertainment of a large number of strangers coming as delegates to the meeting of an organized body is not to be construed as limiting the entertainment to board or to the ordinary necessaries of life, and all reasonable expenditures made and liabilities incurred in connection with the entertainment of such a body, including the expenses of a ball and banquet given for their enjoyment, are fairly within the meaning and intent of the subscription.

ID.—ACTION BY MEMBERS OF COMMITTEE—PARTIES—TRUSTEES OF EX-
PRESS TRUST—PLEADING—DEFECTIVE TITLE TO . COMPLAINT.—In
an action upon a subscription payable "to the subscription com-
mittee of Los Osos Parlor," brought by the individuals consti-
tuting such committee, if the body of the complaint shows that
they constituted and acted as such committee, and were the trus-
tees of an express trust, the Parlor which was the beneficiary
of the trust need not be joined as a party; and a defect in the
title in not showing the trust relation of the plaintiffs cannot
be objected to otherwise than by special demurrer.

ID.—DEFENSE—PAYMENT OF EXPENSES BY COMMITTEE—BORROWED
MONEY.—It is no defense to such action that the expenses of
the entertainment of the delegates were paid by the committee, ·
where it appears that a deficiency greater than the amount of
the subscription sued upon was met by borrowing the amount
from one of the funds of the Parlor, not intended to be used
for such entertainment.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County and from an order denying a new trial.
E. P. Unangst, Judge.

The facts are stated in the opinion.

Wilcoxson & Bouldin, and J. M. Wilcoxson, for Appellants.

The complaint does not show a cause of action. The promise
was gratuitous and cannot be enforced. (*Cottage Street Church
v. Kendall*, 121 Mass. 528; 23 Am. Rep. 286.) "Entertain-
ment" is synonymous with board, and includes the ordinary
necessaries of life. (Black's Law Dictionary, tit. "Entertain-
ment.") The expenditures incurred were for such purposes as
to constitute no liability against this defendant under the terms
of the subscription. To sustain the judgment is to take money
from the defendants and give it to the order of Native Sons,
without compensation. (*Trustees v. Stewart*, 1 N. Y. 581.)
The amount properly expended being less than the whole
amount subscribed, the recovery should be limited to a *pro rata*
share thereof. (24 Am. & Eng. Ency. of Law, 341.)

Graves & Graves, E. Green, and F. A. Dorn, for Respondents.

The subscription, under the terms of the agreement made,
was a contract, the liability of which became absolute upon
compliance with its terms. (Civ. Code, secs. 1605, 3521;

*Peers v. McLaughlin,* 88 Cal. 294, 22 Am. St. Rep. 306; 1 Anson on Contracts, 90, 91; 1 Parsons on Contracts, 437 et seq.)　The expenditure of money and the incurring of liability on the faith of the subscription is a consideration to support the promise.　(*Pratt v. Trustees,* 93 Ill. 475; 34 Am. Rep. 187; *Galt v. Swain,* 9 Gratt. 633; 60 Am. Dec. 311; *Des Moines University v. Livingston,* 57 Iowa, 307; 42 Am. Rep. 42; 65 Iowa, 202; *McCabe v. O'Connor,* 69 Iowa, 134; *Hopkins v. Upshur,* 20 Tex. 89; 70 Am. Dec. 375; *Trustees v. Garvey,* 53 Ill. 401; 5 Am. Rep. 51; *Roberts v. Cobb,* 103 N. Y. 600; Parsons on Contracts, 452.)　The compliance with defendants' request was sufficient consideration for the promise.　(*Philomath College v. Hartless,* 6 Or. 158; 25 Am. Rep. 511; *Barnes v. Perine,* 12 N. Y. 18; *Trustees v. Stewart,* 1 N. Y. 582; *Presbyterian Church of Albany v. Cooper,* 112 N. Y. 517; 8 Am. St. Rep. 767; *Baptist Church v. Cornell,* 117 N. Y. 601.)　The objection to the defective title of the complaint goes only to the legal capacity to sue, and is waived, if not taken by special demurrer.　(*Phoenix Bank v. Donnell,* 40 N. Y. 412; *Mora v. Le Roy,* 58 Cal. 8; *District No. 110 v. Feck,* 60 Cal. 405; *Phillips v. Goldtree,* 74 Cal. 154.)　The complaint shows that plaintiffs are the trustees of an express trust, and are entitled to sue without joining the beneficiary.　(Code Civ. Proc. sec. 369; *Considerant v. Brisbane,* 22 N. Y. 389; Pomeroy's Code Remedies, sec. 175, and note; *Winters v. Rush,* 34 Cal. 136; 24 Am. & Eng. Ency. of Law, 339; *Hopkins v. Upshur, supra; State Treasurer v. Cross,* 9 Vt. 289; 31 Am. Dec. 626.)　The expenditures were all within the proper scope of "entertainment" of such a visiting body.　(6 Am. & Eng. Ency. of Law, 650; *Holmes v. Board etc.,* L. R. 1 Ex. Div. 385; Webster's Dictionary, 452.)

HAYNES, C.—The complaint alleges that plaintiffs constitute the subscription committee of Los Osos Parlor, No. 61, of the Native Sons of the Golden West, a social and benevolent organization in the city of San Luis Obispo, who, for the purpose of entertaining the grand parlor of said organization at their meeting in said city from April 26, 1896, to and including May 1, 1896, procured the signature of the defendants to a subscription paper, of which the following is a copy:

"San Luis Obispo, Cal., January 1, 1896.

"We, the undersigned citizens and business men of the city of San Luis Obispo, do hereby agree to pay the amounts set opposite our respective names to the subscription committee ot Los Osos Parlor, No. 61, N. S. G. W., on or before the fifteenth day of March, 1896, at the city of San Luis Obispo. The money so paid to be used in entertaining delegates to the grand parlor of the N. S. G. W. during their stay in the city of San Luis Obispo.

"Jack & Johnson, Ramona Hotel, $500.00."

The complaint further alleged that "defendants signed, executed, and delivered to plaintiffs said instrument upon the express condition, and the consideration therefor, and the promise contained therein, was that said committee should entertain the delegates to the grand parlor of the Native Sons of the Golden West during their visit and stay in the city of San Luis Obispo with social pleasures and entertainment, and that a ball or banquet should be tendered and given said delegates at defendants' hotel"; that said grand parlor was convened and held during the time stated; that the delegates were entertained by social pleasures and amusements; that a ball was given at defendants' hotel; that, relying upon the promise of defendants, plaintiffs expended large amounts of money and incurred liabilities which remain unsatisfied, and which would not have been incurred but for such promise of defendants to pay said subscription.

The jury returned a verdict for the plaintiffs, and defendants appeal from the judgment entered thereon and from an order denying their motion for a new trial. The defense to the action will sufficiently appear from the discussion of the points made by defendants for reversal.

The statement on motion for a new trial specifies as errors several rulings admitting and excluding evidence, and giving and refusing to give certain instructions, and also specifies several particulars in which it is claimed the evidence is insufficient to justify the verdict. Appellants, however, do not discuss nor even allude directly to any of these specifications, but discuss the broad and material questions involved in the case, and to these we will direct our attention.

It is contended that the performance of gratuitous promises depends wholly upon the good will of the promisors, and will not be enforced at law unless the promisee has accepted and acted upon the same by incurring some obligation or expending money on the strength of it.  (Citing *Cottage-Street Church v. Kendall,* 121 Mass. 528; 23 Am. Rep. 286.)

Accepting this as a correct statement of the law as applied to the facts of that case, no principle there stated is violated by the verdict and judgment in this case.  By the terms of the subscription it was payable March 15th, while the grand parlor was not to be held until April 26th.  Mr. Lasar testified, in substance, that before the meeting of the parlor the committee requested payment of defendants' said subscription; that defendants said they could not pay it at that time, but would pay on April 24th, that it was as good as cash, and to go ahead and make all their arrangements; that in making their preparations they took the amount of the subscriptions in the aggregate, and considered said subscription as cash and incurred obligations and expenses on the faith of it; that the amount of subscriptions collected was nineteen hundred and fourteen dollars and sixty cents, and the total amount expended for the entertainment was two thousand, five hundred and seven dollars and ninety-eight cents, leaving a deficiency of five hundred and ninety-three dollars and thirty-eight cents, and that after the grand parlor adjourned defendants refused to pay their subscription.

The request of the defendants to the committee to regard their subscription as cash and to go on and make all their arrangements, and the action of the committee in incurring obligations on the faith of this request, was a sufficient consideration to fix the liability of the defendants upon their subscription, and it is not necessary that such request should have been made at the time of the subscription.

In *Presbyterian Church v. Cooper,* 112 N. Y. 524, 8 Am. St. Rep. 767, it was said: "There is, we suppose, no doubt that a subscription, invalid at the time for want of consideration, may be made valid and binding by a consideration arising subsequently between the subscribers and the church or corporation for whose benefit it is made.  Both of the cases cited (*Barnes*

*v. Perine,* 12 N. Y. 18, and *Roberts v. Cobb,* 103 N. Y. 600), as we understand them, were supported on this principle. There was, as held by the court in each of these cases, a subsequent request by the subscriber to the promisee to go on and render service or incur liabilities on the faith of the subscription, which request was complied with, and services were rendered or liabilities incurred pursuant thereto. It was as if the request was made at the very time of the subscription, followed by performance of the request of the promisor."

Another fact showing a consideration for the promise to pay the amount sued for appears in the evidence. The defendants were the proprietors of a large hotel. At the time the subscription was made the committee was considering the matter of giving a ball or banquet, or both, to the delegates to the grand parlor, and, defendants desiring it, it was agreed between the committee and the defendants at the time the subscription was made, or immediately thereafter, that if the ball and banquet were given one of them should be given at defendants' hotel, and in case neither were given at that hotel defendants' subscription should be reduced to two hundred and fifty dollars.

This agreement converted the subscription, which, upon its face, was originally one to a charitable purpose simply, into a contract to pay to the committee the sum so subscribed upon condition that a ball or banquet should be given to the grand parlor at the defendants' hotel, and a ball was given at said hotel pursuant to this agreement. This was a good consideration for the promise to pay the full sum sued for, and it is, therefore, not necessary to consider whether the defendants' liability should be reduced to its proportion of the expense incurred in entertaining the grand parlor measured by the entire amount subscribed, the amount subscribed exceeding the expenditures by the sum of two hundred and forty-one dollars and fifty-two cents, but the amount of subscriptions collected being five hundred and ninety-three dollars and thirty-eight cents less than the amount expended.

Defendants objected to the introduction of any evidence on the part of the plaintiffs upon the ground that the complaint does not state a cause of action, and this objection to the com-

plaint was also repeated upon defendants' motion for a nonsuit, where it was specified "that the plaintiffs sue as individuals, and seek to recover in an individual capacity as trustees of an express trust."

The subscription was, on its face, made payable "to the subscription committee of Los Osos Parlor," and the complaint alleges that the plaintiffs constituted said committee, and as such committee entertained said delegates, et cetera. Trustees of an express trust need not join the *cestuis que* trust as parties, though the title of the cause should state that they sue as trustees of the person or association for whom they are acting. If, however, the body of the complaint shows that they are trustees of an express trust and for whom they are such trustees (*Spear v. Ward*, 20 Cal. 659, 676; *Wise v. Williams*, 72 Cal. 544, 547), it is sufficient; and these facts appear in the complaint. Besides, the objection should have been taken by demurrer, as the alleged defect appeared upon the face of the complaint.

Appellants contended, however, that expenditures were made which did not come within the purview of this subscription for "entertainment," which, they say, is synonymous with "board," and includes the ordinary necessaries of life. The distinction between entertaining a friend at one's home, or a hotelkeeper entertaining a traveler at his hotel, and entertaining a large number of strangers, constituting an organized body, by the residents and business men of a city, is quite apparent; and as to the latter what may be included in the entertainment of the visiting body is usually limited by the amount of money available for the purpose and the ingenuity of the entertainers in devising sources of enjoyment. I think the record does not show that any of the money was expended for purposes not fairly within the meaning and intent of the subscription paper in that regard.

It is also contended by appellants that all the expenses of the entertainment have been fully paid, and that, therefore, they are not liable. It is shown, however, that the deficiency of five hundred and ninety-three dollars and thirty-eight cents was met by borrowing that sum from one of the funds of Los Osos Parlor, which was not a fund intended to be used for the entertainment.

The supposed insufficiency of the evidence to justify the verdict appears to be based upon the alleged want of consideration for the promise, and has been sufficiently noticed. None of the alleged errors of law specified in the statement on motion for new trial are noticed in appellants' brief, and we have not discovered any that would justify a reversal of the judgment or order.

I therefore advise that the judgment and order should be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.