[Civ. No. 1714. Fourth Appellate District.—July 1, 1935.]

SOL R. BERNSTEIN et al., as Trustees, etc., Plaintiffs and Appellants, v. EQUITABLE DISCOUNT CORPORATION (a Corporation), Respondent.

Euler & Subith for Appellants.

Merrill L. Granger for Respondent.

HARDEN, J., *pro tem.*—Robert Wolf was engaged in business as a retail merchant in Los Angeles under the name of Wolf Cabinet & Furniture Manufacturing Company. He sold furniture under conditional sales contracts to purchasers. Such contracts provided for payments in instalments by the purchasers and gave the seller the right to repossess the furniture upon default in payments. Many such contracts were assigned by Wolf to defendant Equitable Discount Corporation. There was a general blanket agreement between said corporation and Wolf providing for a cash payment to Wolf of an amount to be fixed as the purchase price of each contract assigned. Said agreement provided further, in effect,

that the corporation might appoint Wolf as agent to collect for it instalments due under assigned contracts and that Wolf should be paid 10 per cent of the sale price of the furniture for making the collections on each contract, payable by the corporation to him when and if the collection had been made in full and remitted to the corporation, provided the aggregate of delinquencies for nonpayment of instalments upon the remaining contracts so assigned did not exceed 10 per cent of the aggregate of all balances then remaining unpaid on such contracts.

On December 31, 1931, Wolf made what purported to be an assignment of his assets for the benefit of creditors to a creditors' committee composed of R. L. Smith, Sol R. Bernstein, E. W. Kohn, V. E. Freeman and J. G. Bonanomi. No notice as required by section 3440 of the Civil Code was given. Thereafter Freeman and Kohn resigned and withdrew as members of said committee, and G. D. Cobb, subsequent to December 31, 1931, and prior to the commencement of this action, associated himself therewith and assumed to act as a member of such committee. Smith, Bernstein and Bonanomi, as members of said creditors' committee, are plaintiffs in this action, brought against the defendant for the purpose of compelling it to present any claim it had against Wolf to said committee, in order that the same might be taken into account and paid together with other valid claims against Wolf. Defendant filed a cross-complaint against Wolf, all the original members of said creditors' committee, and Cobb, wherein its claim is set forth.

Said claim arose by virtue of the fact that, without notice to or knowledge of said corporation, Wolf repossessed himself of the furniture sold under thirty-three of the contracts of sale assigned to the corporation and thereafter sold the same at auction. At that time the aggregate balance due on said thirty-three contracts was $4,096.10. From the auction sale there came into Wolf's hands, as proceeds thereof, the sum of $435.78, which he remitted to the corporation. Defendant's claim was for $3,660.32, being the difference between the aggregate balances due on said thirty-three contracts and the payment of $435.78.

Judgment went for the defendant and cross-complainant and against Wolf for $3,660.32 and interest, and against all of the members of the committee, including Cobb, ordering

that they pay cross-complainant forthwith out of the funds received by them from the sale of property to which they succeeded under the terms of said trust $1,098.10 (to equal a 30 per cent dividend previously paid by the committee to the other creditors), and that they pay to cross-complainant additional dividends on its judgment against Wolf, at the same time and in the same percentages as such dividends may be declared and paid generally to other creditors under said assignment. From said judgment Smith, Bernstein and Bonanomi have appealed.

The principal point urged on the appeal is that there was an accumulation of several thousand dollars (called the reserve fund) in the hands of the corporation at the time of the presentation of its claim to said committee, which fund arose by reason of the retention by the corporation of the 10 per cent in collection fees provided for in the agreement. The aggregate of said collection fees appears to be $7,315. Respondent justifies its action upon the contention that said sum did not become payable to Wolf under the provisions of the agreement because the aggregate of delinquencies under the remaining contracts assigned by Wolf to the corporation was at all times in excess of 10 per cent of the balance due on said contracts. The record is not clear as to the exact amount of the delinquencies under said contracts. The only evidence on the subject is that the delinquencies were never at any time reduced to 10 per cent of the aggregate balance due on the contracts. It therefore appears that the condition imposed upon the payment to Wolf of anything for services rendered by him in making the collections was not met and that there was no obligation on the part of the corporation to pay or allow Wolf anything as an offset against its claim for conversion of the property. Furthermore, it was established that, by reason of Wolf's failure to make collections, the corporation was required to and did take over the business of making the collections and that for a period of time Wolf performed no service for the corporation in that connection. The evidence was sufficient to justify a finding that nothing was due Wolf on account of collections made.

The instrument by which the assignment of Wolf's stock in trade, accounts receivable, etc., to the committee was accomplished is made an exhibit to the amended complaint. It is evident from its form and from the parties to it that it is

not such an instrument as constitutes an assignment for the general benefit of creditors under sections 3449 et seq. of the Civil Code. It is rather of that class of instrument having some of the characteristics of an assignment for the general benefit of creditors, but in fact a conveyance in trust in payment or by way of security for some or all of a debtor's creditors. (*Jarvis* v. *Webber*, 196 Cal. 86 [236 Pac. 138].) While this assignment would be void as to nonconsenting creditors, by reason of the failure to give the seven days' notice required by section 3440 of the Civil Code, the defendant consented to it by presenting its claim and has not appealed from the judgment; and the appellants are in no position to claim that they had no authority to bring defendant in.

 The judgment imposes no personal obligation against the plaintiffs, nor against any of the members of the committee, to pay the judgment; the only payments required of them being payments of proceeds of their collections as trustees. The part of the judgment which required an immediate payment to cross-complainant of $1,098.10 was based upon a finding, supported by the evidence, that a dividend of 30 per cent had been declared and paid by the trustees to the other creditors entitled to share, and that defendant was entitled to a like amount. It was proper.

 Notwithstanding that plaintiffs brought the defendant into court to disclose the nature of its claim against Wolf, pursuant to which it set up its cross-complaint, plaintiffs now contend that the judgment thereon is without legal support by reason of the fact that cross-complainant did not bring in as cross-defendants all of the creditors. The general rule is that the trustee of an express trust is competent to sue and defend in behalf of the beneficiaries in an action with a third party. (*Sterrett* v. *Barker*, 119 Cal. 492 [21 Pac. 695]; *Lasar* v. *Johnson*, 125 Cal. 549 [58 Pac. 161].) Where the controversy is between parties to the trust, for the protection of the trustee against suits by omitted beneficiaries, all of the interested parties should be before the court (*McPherson* v. *Parker*, 30 Cal. 455 [89 Am. Dec. 129]; *Alison* v. *Goldtree*, 117 Cal. 545 [49 Pac. 571]; *Lake* v. *Dowd*, 207 Cal. 290 [277 Pac. 1047]). The trustee, however, by not raising the point in the trial court, may waive the failure to join interested beneficiaries (*Alison* v. *Goldtree*, *supra*). No objection to the

cross-complaint was taken in the trial court upon that ground. Therefore, the point has been waived.

The findings and judgment are supported by the evidence. We find no merit in any other point raised.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.