
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: LAN-ANH TRUONG, <br><br> Debtor, <br><br><br> LAN-ANH TRUONG and PHAN-ANH DO, <br><br> Appellants, <br><br> v. <br><br> JOHN M. WOLFE, the Chapter 7 Trustee of the Debtor, <br><br> Appellee. | No. 09-55613 <br><br> D.C. No. 8:08-cv-00631-JVS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted June 9, 2010
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN and RAWLINSON, Circuit Judges, and MARBLEY, United States District Judge.[***]

Appellant challenges the district court's affirmance of the bankruptcy court order for the turnover of assets in Lan Anh Truong's ("Debtor") Chapter 7 bankruptcy proceeding and the bankruptcy court's judgment after a one-day trial in an adversary proceeding filed by Chapter 7 Trustee John M. Wolfe ("Trustee").

The bankruptcy court had jurisdiction to order the turnover of trust proceeds because an order to turn over property of the estate is enumerated as a core bankruptcy proceeding, which bankruptcy judges are specifically empowered to hear and determine.  28 U.S.C. § 157(b).  The stock at issue in the turnover order qualifies as property of the bankruptcy estate.  11 U.S.C. § 541(c)(2); 11 U.S.C. § 541(a)(7).  Debtor's self-settled trust is invalid under state law and there is no federal nonbankruptcy law under which the provision is enforceable.  *See In re Neuton*, 922 F.2d 1379, 1383 (9th Cir. 1990) ( "However, California has placed restrictions on the trustor's power to create a spendthrift trust.").

Appellant's appeal of the turnover order is untimely.  The turnover order, which held that Trustee was entitled to income distributions from certain trust property, substantively affected the rights of the parties and was a final order

---

[***]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

2

requiring immediate review. *In re Allen*, 896 F.2d 416, 419 (9th Cir. 1990); *see also In re Mason*, 709 F.2d 1313, 1318 (9th Cir. 1983) ("The unique nature of bankruptcy procedure dictates, however, that we take a pragmatic approach to the question of finality.").

Appellant was the proper party to receive notice and to represent the 1998 Trust in the bankruptcy court's adversary proceeding because the trustee of an express trust is competent to defend on behalf of the beneficiaries in an action against a third party, unless inhibited by the trust instrument. *Bernstein v. Equitable Discount Corp.*, 8 Cal. App. 2d 265, 269 (1935); *Johnson v. Curley*, 83 Cal. App. 627, 630 (1927); *see also* Fed. R. Civ. P. 17(a) (permitting suits by persons other than those whose legal rights are at issue if the plaintiff is "trustee of an express trust"). Additionally, the bankruptcy court did not clearly err in finding that the 1998 Trust was the alter ego of Debtor. *See Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993) (alter ego determinations are typically findings of fact reviewed for clear error).

We have examined the remaining issues raised on appeal and conclude that none of them has merit.

**AFFIRMED.**