[Civil No. 1268.   Filed July 2, 1912.]

[125 Pac. 707.]

THE STATE OF ARIZONA, on the Relation of ANNA F. YOUNG, GEORGE L. YOUNG, and MANNIERRE E. YOUNG, Relators, v. THE SUPERIOR COURT OF THE COUNTY OF PIMA, STATE OF ARIZONA, WILLIAM F. COOPER, Presiding, Respondent.

1. JUDGES — DISQUALIFICATION — PROBATE MATTERS.—Constitution, article 22, section 2, provides that all existing laws of the territory of Arizona not repugnant to the constitution shall continue in force

in the new state. Section 8 provides that the superior courts shall succeed to the jurisdiction of the probate courts. Civil Code of 1901, paragraph 1701, disqualifies a probate judge to act in a matter in which he is interested as next of kin, legatee, devisee, executor, witness, or is in any other manner interested or disqualified from acting. Paragraph 1702 provides for transfer of administration proceedings to an adjoining county, where the judge is disqualified. *Held,* that the general statutes regulating change of venue in district courts do not apply to superior courts sitting in probate matters, but that the right to have such matters transferred depends upon the judge being disqualified in some particular recited in paragraph 1701, regardless whether the superior court's jurisdiction attaches to the matter as one pending in the probate court at the admission of the territory to statehood, or whether the proceedings are initiated in the superior court after statehood, and hence the right to transfer a proceeding cannot be based on the theory that the judge is prevented from giving a fair and impartial opinion through rulings adverse to the parties moving for the transfer.

2. PLEADING—STATEMENTS IN EXHIBIT—EFFECT.—A statement in an exhibit filed with and made a part of a petition cannot be taken as a substantive allegation, and supply omissions in the petition.

3. MANDAMUS—RIGHT TO RELIEF—PROBATE MATTERS.—A party's remedy against decisions, orders, etc., in a probate matter is by appeal, and not by *mandamus* to compel a transfer of the proceedings to another county, under Civil Code of 1901, paragraph 1702, though *mandamus* is appropriate to compel an inferior tribunal to perform an act which the law specifically enjoins as a duty resulting from an office, trust, or station.

Original application by the State of Arizona, on the relation of Anna F. Young and others, for *mandamus* against the Superior Court of the County of Pima, William F. Cooper presiding. Petition dismissed.

The facts are stated in the opinion.

Mr. Louis G. Hummel, for Relators.

Mr. S. L. Kingan and Mr. John B. Wright, for Respondent.

FRANKLIN, C. J.—Anna F. Young, George L. Young, and Mannierre E. Young, by their attorney Louis G. Hummel, served notice on the superior court of Pima county, Arizona, and W. F. Cooper, judge thereof, that on June 27, 1912,

application would be made to this court for an alternative writ of *mandamus,* and a copy of the petition for the writ, served with the notice, is as follows:

"Louis G. Hummel, being first duly sworn, says: That he is the attorney for Anna F. Young, George L. Young, and Mannierre E. Young, next of kin of George B. McAneny, deceased, and persons interested in said decedent's estate. That the facts herein alleged are within his personal knowledge. That said decedent's estate has been in course of administration since September 28, 1909, and petitions were filed in the superior court of Pima county, state of Arizona, for letters of administration (to fill vacancy) in said decedent's estate, and set for hearing by the judge thereof for June 24th, 1912, at 10 o'clock a. m. That said decedent's estate is in progress of settlement in said court. That Santa Cruz county, state of Arizona, adjoins the county of Pima, and said decedent's estate is situated in both counties and the superior courts of both said counties have concurrent jurisdiction of said estate. That on the 20th day of June, 1912, a motion to transfer the proceedings in said estate to the superior court of adjoining county and the superior court of Santa Cruz county be designated as such county to which such proceedings be transferred to was duly filed with the clerk of the said superior court of Pima county, Arizona together with an affidavit in support thereof, an exact copy of all of which is as follows."

On the day noticed the relators made the application and the respondent appeared, and by way of answer to the petition for the writ demurred thereto upon the ground that it does not state facts sufficient to constitute a cause of action for the issuance of either an alternative or a permanent writ of *mandamus,* and prays that the petition be dismissed.

It appears that the McAneny estate is in course of administration in the superior court of Pima county. The superior court acquired jurisdiction of the matter by operation of law, the estate being in course of settlement in the probate court of Pima county on the admission of the territory as a state. The relators moved the superior court of Pima county to transfer the proceedings to the superior court of Santa Cruz county, which motion was denied, and the refusal of the

judge to make the order of transfer is the basis of this application for *mandamus.*

The motion to transfer filed in the lower court is as follows:

"Now comes Louis G. Hummel, attorney for Anna F. Young, George L. Young, and Mannierre E. Young, persons interested in the estate of said decedent and owners of an undivided one-third interest of said estate and represents to the court: (1) That petitions have been filed in this court in the above estate for granting letters of administration. (2) That proceedings are pending in this court for the settlement of said estate. (3) That part of the estate of said decedent is in Santa Cruz county, Arizona, and part in Pima county, Arizona, and that the courts of both counties have therefore concurrent jurisdiction. (4) That Santa Cruz county, Arizona, adjoins the county of Pima. (5) That William F. Cooper, the presiding judge of the superior court of Pima county, state of Arizona, is disqualified to act in said estate and proceedings as more fully set forth in the affidavit hereto attached. That said parties by their attorney therefore move the court for an order transferring the entire estate and proceeding to the superior court of an adjoining county, and further move that the superior court of the county of Santa Cruz be designated as such court to which the estate and proceeding is ordered to be transferred."

It is not necessary to state what is set forth in the affidavit of the attorney for the relators referred to in the motion. Suffice it to say that the affidavit is a general grievance against the conduct of the Southern Arizona Bank and Trust Company, as administrator of said estate in the performance of its duties as such administrator, which the relators denounce as outrageous conduct, and because the judge of the superior court would not give to relators such relief from said alleged outrageous conduct on the part of the administrator as they felt themselves entitled to. The affidavit of the attorney says in closing: "That from the procedure and conduct and record of the proceedings of this estate, this affiant affirms and believes that said William F. Cooper is disqualified to hear the matters pending herein, and is prevented from giving a fair and impartial opinion."

XIV Ariz.—9

It is provided in article 22, section 2, of the state consti-
tution, that "All laws of the territory of Arizona now in force,
not repugnant to this Constitution, shall remain in force as
laws of the State of Arizona until they expire by their own
limitations or are altered or repealed by law: Provided,
that wherever the word territory meaning the Territory of
Arizona, appears in said laws, the word State shall be substi-
tuted." And in section 8 of said article that "When the state
is admitted into the Union, and the superior courts, in their
respective counties, are organized, the books, records, papers,
and proceedings of the probate court in each county, and all
causes and matters of administration pending therein, shall
pass into the jurisdiction and possession of the superior court
of the same county created by this Constitution, and the said
court shall proceed to final judgment or decree, order, or
other determination, in the several matters and causes with
like effect as the probate court might have done if this
Constitution had not been adopted." These constitutional
provisions in our opinion determine what law governs the supe-
rior court in an application for a change of venue in proceed-
ings in probate pending in said court, which were in process
of administration in the probate court when the constitution
went into effect. By virtue of the constitutional provisions,
the superior court proceeds to final judgment or decree, order,
or other determination in the several matters and causes with
like effect as the probate court might have done, and the
laws of the territory in force and not repugnant to the con-
stitution remain in force as laws of the state governing such
procedure. The disqualifications of a judge to act in probate
matters will be found in paragraph 1701, Revised Statutes
of Arizona (Civ. Code) 1901, as follows: "No probate court
shall admit to probate any will, or grant letters testamentary
or of administration, in any case where the judge thereof
is interested as next of kin to the decedent, or as a legatee
or devisee under the will, or when he is named as executor
or trustee in the will, or is a witness thereto, or is in any
other manner interested or disqualified from acting." Para-
graph 1702, Revised Statutes of Arizona (Civ. Code) 1901,
provides: "When a petition is filed in the probate court
praying for admission to probate of a will, or for granting
letters testamentary or of administration, or when proceed-

ings are pending in the probate court for the settlement of an estate, and the presiding judge of the court is disqualified to act from any cause, upon his own or the motion of any person interested in the estate, he must make an order transferring the proceeding to the probate court of an adjoining county. . . . '' Paragraph 1701 enumerates particulars wherein the judge is disqualified by reason of being interested: (1) Where the judge is next of kin to the decedent. (2) Is a legatee or devisee under the will. (3) When he is named as executor or trustee in the will. (4) When he is a witness to the will. (5) Or is in any other manner interested or disqualified from acting.

An examination of this statute will readily disclose that the judge is disqualified from acting in matters of probate when he is interested, and the kinds or classes of interest are recited in the statute. The general words, ''or is in any other manner interested or disqualified from acting,'' following the enumeration of particular classes of interest, are, by the familiar rule of construction known as *ejusdem generis,* construed as applicable only to the classes or things of the same general nature or class as those enumerated. In other words, the word ''other'' will generally be read as ''other such like.'' 36 Cyc. 1119; 21 Am. & Eng. Ency. of Law, p. 1012; Sutherland on Statutory Construction, secs. 423–430.

If the legislature had intended the general words to be used in their unrestricted sense, they would have made no mention of the particular classes of interest which disqualifies the judge. So it is obvious when it is said in paragraph 1702 that, when the judge is disqualified to act from any cause he shall transfer the proceedings to another court, it means when he has an interest in the matter such as is specified in the statute, or has any other such like interest, and is not used in a different connection or sense from that apparent in the preceding paragraph of the statute. The very language of the two sections precludes any other idea.

We hold that the general statutes regulating change of venue in district courts are not applicable to superior courts sitting in probate matters, but that the right to have the proceedings in probate matters transferred is dependent upon the judge being disqualified in some particular recited in the statute or other such like particular; and this regardless of whether the juris-

diction of the superior court over the estate attached by virtue of the constitution the matter then pending in the probate court of a county on the date of admission to statehood, or whether the proceedings in probate are initiated in the superior court as a court having original jurisdiction of all matters of probate.

There is no substantive allegation in the petition for the writ of Judge Cooper's disqualification to act, and a statement in an exhibit filed with and made a part of the petition cannot be taken as a substantive allegation and supply omissions in the petition. *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731.

But, waiving this, an inspection of the motion and the affidavit in support of the motion discloses no substantive allegation of statutory disqualification on the part of the judge. From the recitals therein it may be that the relators feel themselves aggrieved at the decisions, orders, etc., occurring in the course of the administration of the estate, but, if such be their condition, the remedy is by appeal, and not by *mandamus* to compel a transfer of the proceedings to another county. *Mandamus* is appropriate to compel an inferior tribunal to perform an act which the law specifically enjoins, as a duty resulting from an office, trust, or station, but it may not be used as a balm to assuage disappointment or remedy grievances of a character set forth by the petitioner in this case.

The petition is wholly insufficient to authorize the issuance of the writ. The demurrer thereto is sustained, and the petition dismissed.

CUNNINGHAM and ROSS, JJ., concur.