[Civil No. 1608.   Filed March 31, 1919.]

[179 Pac. 644.]

In the Matter of the Estate of NASIF TAMER, Deceased. J. W. CLAYTON, Guardian Ad Litem for REGINALD FLAKE and JOSEPH TAMER, ABRAM TAMER and KEISER TAMER, Appellants, v. LUCY ELIA, Appellee.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS FOR PERSONAL PROPERTY —DUTY TO PROTECT.—Title to personal property of a decedent's estate vesting in the administrator, on his qualification, it is his duty to protect it as against claims therefor of others against the estate.

2. COURTS—JURISDICTION—SUPERIOR COURT EXERCISING PROBATE JURISDICTION.—There is no authority under the statutes for the superior court, while exercising probate jurisdiction, to entertain a petition of a stranger that part of the assets of the estate be turned over to her; but jurisdiction to try and determine claim to any such assets is in the superior court exercising law and equity power.

[As to allowance of claims by administrator and when and against whom conclusive, see note in 65 **Am. Dec.** 121.]

APPEAL from a judgment of the Superior Court of the county of Apache.   George H. Crosby, Jr., Judge.   Appeal dismissed.

Messrs. Norris, Spalding & Norris, Messrs. Jones & Jones and Mr. Isaac Barth, for Appellants.

Mr. Fred W. Nelson, for Appellee.

ROSS, J.—The appellee filed her petition in probate alleging:

"That Nasif Tamer died in the county of Apache, state of Arizona, on about the 23d day of December, 1916, and left estate in said county. That at the time of the death of deceased he had certain personal property in his possession now the property of your petitioner, and the property belonging to your petitioner has been included in and by the appraisement made a part of the estate of said deceased. That the said property consists of 27 head of stock cattle, more or less, appraised at the sum of $1.250, . . . also two work horses appraised at $200, . . . also 354 head of sheep."

The prayer to the petition was:

"Wherefore, your petitioner prays that a date may be set for hearing this petition and taking proof of title to the property hereinbefore set forth, twenty-seven head of cattle, etc.; . . . and that, upon due proof being made, that an order issue out of your honorable court to the administrator of the estate of Nasif Tamer, deceased, ordering and directing the administrator to turn over to your petitioner or her agent the above-described property, etc."

A hearing was had at which the parties herein designated appellants appeared and verbally protested against the proceedings and also introduced evidence contesting the claim. After the evidence was closed, the following judgment was entered:

"It is ordered by the court that all of the cattle branded on left ribs and reverse three on jaw, belong to Lucy Elia; also two work horses. It is the further, order of the court that Miss Lucy Elia shall have 354 head of the run of the Nasif Tamer sheep."

The appeal is prosecuted from the judgment and order overruling the motion for a new trial.

In this case, as in the case of Elena Elia, *ante,* p. 228, 179 Pac. 643, just decided, there was no written pleading by appellants, nor anything in the record showing that appellants had any interest whatever in the controversy. They are not shown to be heirs at law of the deceased, and, if they were, we do not think it would help the situation, as the property claimed by appellee is clearly, under her statement in petition, to be considered and treated as personal assets of the estate of Nasif Tamer. The title to the personal property vests in the administrator immediately upon his qualification, and, with the title in the administrator, it was his duty to protect it. This is so elementary we do not cite authorities. The administrator does not appeal, and those prosecuting the appeal have not shown any interest in the controversy, or that they are aggrieved parties. *In the Matter of the Estate of Nasif Tamer, Deceased, J. W. Clayton, Guardian ad Litem for Reginald Flake, Joseph Tamer, Abram Tamer and Keiser Tamer, Appellants,* v. *Elena Elia, Appellee, ante,* p. 228, 179 Pac. 643 (just decided).

Aside from that, we are unable to find any law in our statutes authorizing the superior court, while exercising pro-

bate jurisdiction, to entertain a petition from a stranger asking that certain of the assets of the estate of the deceased person be turned over to her, and certainly there is no authority in law empowering the superior court, while acting in matters of probate, to make the order we are considering. If part of the inventoried and appraised assets of an estate of a deceased person is claimed by a stranger or third person as his, the jurisdiction to try and determine his rights is not in the probate court, but in the superior court exercising law and equity powers. As was said by the predecessor of this court in *Eldred* v. *Warner,* 1 Ariz. 194, 25 Pac. 803:

"Suppose a man claimed a pair of horses or twenty cows in the possession of the administrator, the administrator can take no action upon such a claim. The power to reject implies the power to judge and allow. When the administrator allows a claim, the effect is merely that it is set down as one of the just debts of the estate, to be paid in due course of administration, and the time for payment can hardly be less than one year, and may be several years; and how can he pay horses, or cows, or diamonds? But the owner is entitled to his horses, or his cows, or his diamonds immediately, if he can show title, and so he is given a right of action for them at once, but that right of action is not as upon a 'claim against the estate,' in the technical sense of the probate act."

That the superior court, acting in a probate matter, was without power or jurisdiction to enter the judgment appealed from, there seems no doubt. In *Caron* v. *Old Reliable Gold Mines Co.,* 12 N. M. 211, 6 Am. & Eng. Ann. Cas. 874, and note, 78 Pac. 63, the court said:

"We have carefully gone over the cases cited by appellees in their briefs and find none that support the proposition that a probate court has jurisdiction to adjudicate title to property, real, personal, or mixed, between the estate and a stranger to the estate; nor have we found a case elsewhere that so holds." As to the question that "probate courts have no jurisdiction to settle questions of title to property between estates and third parties. The number of cases squarely supporting this proposition is limited only by the number of cases deciding the question."

The proceeding had in this case is unknown to the laws of this state, and the judgment entered is not one from which, under the statute, an appeal may be prosecuted even if appel-

lants were shown to be aggrieved or proper parties to the proceeding.

For the reasons given above, the appeal is dismissed, and it is so ordered.

CUNNINGHAM, C. J., and BAKER, J., concur.