570 P.2d 1077

**Betty J. GONZALEZ, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable J. Richard Hannah, a Judge thereof, Respondent;**

**and**

**ESTATE of A. W. CHAPPELL, by Kenneth Chappell, Personal Representative, Real Party in Interest.**

**No. 12784–PR.**

Supreme Court of Arizona, In Banc.

Oct. 19, 1977.

Delane C. Carpenter, Tucson, for petitioner.

Edward Aboud, Tucson, for real party in interest.

HOLOHAN, Justice.

Betty J. Gonzalez filed a petition in the Superior Court of Pima County, alleging that she was the owner of certain real property included by the personal representative in his inventory of the property of the Estate of A. W. Chappell, deceased. The petition was filed under the probate cause number for the Chappell estate, and the petition sought the issuance of an order to show cause directed to the personal representative of the estate to appear and show cause why the Superior Court should not issue an order divesting the estate of the real property described in the petition.

The personal representative appeared in response to the petition and filed a motion to dismiss the petition on the grounds that the probate court lacked jurisdiction. The Superior Court granted the motion to dismiss. Petitioner Gonzalez filed a special action with the Court of Appeals. That court accepted jurisdiction and set aside the dismissal order of the Superior Court. *Gonzalez v. Superior Court*, 27 Ariz.App. 51, 550 P.2d 1093 (1976). We granted review. The opinion of the Court of Appeals is vacated.

The question presented by this case is the extent of the jurisdiction of the Superior Court under the probate code to deal with a matter not involved in the actual administration of the estate. Prior to the passage of the revised probate code, A.R.S. § 14–1102 *et seq.*, there was no question that the Superior Court sitting as a probate court would have no jurisdiction to try title to land. *Estate of Tamer*, 20 Ariz. 232, 179 P. 644 (1919); *Horne v. Blakely*, 35 Ariz. 39, 274 P. 173 (1929).

Although the Superior Court has original jurisdiction in a long list of matters (Ariz. Const. art. 6, § 14) the earlier decisions by this court were careful to distinguish between the Superior Court exercising probate jurisdiction and the Superior Court exercising jurisdiction as a court of law and equity. The jurisdiction in probate was

held to be distinct from the jurisdiction in law and equity. *State ex rel. Young v. Superior Court*, 14 Ariz. 126, 125 P. 707 (1912); *Garver v. Thoman*, 15 Ariz. 38, 135 P. 724 (1913); *Shattuck v. Shattuck*, 67 Ariz. 122, 192 P.2d 229 (1948).

■ The legislature adopted the bulk of the Uniform Probate Code, effective January 1, 1974. The legislative purpose was "to provide for a substantial revision" of the state's probate laws. 1973 Ariz.Sess. Laws, Ch. 75 § 4. The subject matter jurisdiction of the new code was defined in A.R.S. § 14–1302:

"A. To the full extent permitted by the constitution, the court has jurisdiction over all subject matter relating to:

"1. Estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons.

"2. Protection of minors and incapacitated persons.

"3. Trusts.

"B. The court has full powers to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it including power to enforce orders against a fiduciary by contempt proceedings and to compel action by a fiduciary by body attachment." *

■ From the foregoing language we conclude that by enacting the new probate code the legislature intended to confer upon the Superior Court sitting in probate its full constitutional jurisdiction in matters which might arise affecting estates.

* Subsequent to petitioner's bringing this action, the legislature added the following language to A.R.S. § 14–3105:

"The court has jurisdiction of any other action or proceeding concerning succession or to which an estate, through a personal representative may be a party, including actions to

■ Having declared that the Superior Court sitting in a probate matter has jurisdiction does not mean that the summary in rem procedure of probate may be employed to determine the rights of third parties. The probate code acknowledges that its provisions are subject to constitutional limitations (A.R.S. § 14–1302); that unless specifically provided otherwise the Rules of Civil Procedure govern formal proceedings under the title (A.R.S. § 14–1304); and that the right to jury trial is preserved (A.R.S. § 14–1306).

■ Thus the trial court was incorrect in holding that it did not have jurisdiction of the claim by Betty Gonzalez, but this does not mean that a quiet title action, even though it involves an estate, may be tried on an order to show cause procedure. The Rules of Civil Procedure continue to govern in such actions. We do not believe the legislature intended, in enacting the new probate code, to limit or usurp this court's constitutional authority to make rules relative to all procedural matters in any court. Ariz.Const. art. 6 § 5(5).

The judgment of the Superior Court is reversed and remanded for further proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

determine title to property alleged to belong to the estate, and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to the rights of creditors or successors of the decedent. Laws 1976, Ch. 92 § 15"