669 P.2d 1000

**In the Matter of the Estate of Joseph H. SOBLE, Deceased.**

**Colistia SOBLE, Personal Representative of the Estate of Joseph H. Soble, Deceased, Respondent/Appellant,**

v.

**PRESIDIO PROPERTIES, Petitioner/Appellee.**

**No. 2 CA–CIV 4333.**

Court of Appeals of Arizona, Division 2.

May 16, 1983.

Rehearing Denied June 28, 1983.

Review Denied Sept. 22, 1983.

Gabroy & Leather by Stefani Gabroy, Tucson, for respondent/appellant.

Stompoly & Even, P.C. by Michael McGrath, Tucson, for petitioner/appellee.

## OPINION

HOWARD, Chief Judge.

The last surviving shareholder of a professional corporation died. At the time of his death the corporation had a contingent liability for unpaid rent. The personal representative of the estate of the shareholder lists, as an asset of the estate, an asset which the unpaid landlord claims is an asset of the corporation. How does the landlord proceed to reduce his claim to a judgment and prevent the personal representative from distributing the corporate asset to the distributees of the estate? These are the issues to be decided here.

On November 13, 1975, Soble & Cole, P.C., entered into an agreement with G.I.F. Properties, Inc., leasing office space in the Transamerica Building in Tucson. The lease commenced on January 1, 1976, and terminated on December 31, 1981. Presidio Properties (Presidio), appellee, is the successor in interest to G.I.F. Properties, Inc., with respect to the lease.

In 1978 the lease for the law office was held by Joseph H. Soble, P.C., with Joseph H. Soble as the sole shareholder of the corporation. On June 25, 1979, the professional corporation vacated the leasehold prior to the end of the lease term. This result-

ed in a dispute over the payment of the balance of the rent.

On October 6, 1980, Joseph Soble died. Presidio filed a claim in his estate which was disallowed by the personal representative. Presidio then filed a petition for allowance of claims against the estate. After a trial on the matter the trial court found that the property listed in the inventory as item number 5, "personal injury suits in litigation" with a market value of $25,000 and item number 6, "fees to be paid through settlement with Republic Insurance" in the sum of $110,000, were corporate property. The court then went on and found ". . . the claim [of Presidio Property] has priority over other claims against the estate with respect to these assets. . . ."

The trial court then ordered that the claim be allowed in the sum of $25,763.61, plus costs and attorney's fees in an amount to be determined.

■ We hold that the probate court had jurisdiction to determine whether the contested asset represented corporate property or property of the estate. However, it did not have jurisdiction to enter a judgment for the amount of rent claimed.

Joseph H. Soble, P.C., ceased to exist when Joseph Soble died. See A.R.S. § 10–908(3). The corporation was, therefore, dissolved by operation of law. How does the landlord reach the corporate asset? A.R.S. § 10–904 provides:

"Professional corporations shall be governed by the laws applicable to other Arizona private corporations organized for profit except insofar as such laws shall be limited or enlarged by or contrary to the provisions of this chapter, in any of which events this chapter shall be controlling."

A.R.S. § 10–105 states:

"The dissolution of a corporation . . . by *expiration of its period of duration,*

shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing, or any liability incured [sic], prior to such a dissolution. Any such action or proceeding . . . against the corporation may be prosecuted or defended by the corporation in its corporate name. . . ." (Emphasis added.)

The death of the last living shareholder operates as a dissolution of the corporation by expiration of its period of duration. Thus A.R.S. § 10–105 applies to professional corporations and the landlord should have filed suit against the corporation in order to reduce its claim to judgment.

In order to preserve the corporate assets one thing the landlord could have done was file a declaratory judgment in the probate estate. See A.R.S. § 14–3105 and *Gonzales v. Superior Court, Etc.,* 117 Ariz. 64, 570 P.2d 1077 (1977).[1] Although the procedure here, a petition for allowance of claims, was incorrect, the essence and net result of the procedure utilized was equivalent to declaratory relief. We are unable to discern how either the proceedings or the results would have been different if the pleadings had been labeled as an action for declaratory relief.

■ Appellant attacks the trial court's finding that the deferred attorney's fees payable from Republic Insurance Company represented assets which belonged to the professional corporation. The record clearly shows that these fees were earned by Mr. Soble while he was practicing law with the professional corporation. They were part of a settlement in a personal injury action in which there was a structured settlement of the personal claim and a provision that Mr. Soble be paid out of the settlement a total of $210,000, $100,000 of which to be paid immediately and the remaining bal-

---

1. The statute provides in part:

"The court has jurisdiction of any other action or proceeding concerning succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to be- long to the estate, and of any action or proceeding in which the property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent. Amended by Laws 1976, Ch. 92 § 15."

ance of $110,000 to be paid in equal payments of $55,000 over a period of two years. There was no evidence that these deferred fees had been assigned to Joseph Soble in his individual capacity, such as for example, by the minutes of a corporate meeting approving such an assignment.

That part of the trial court's order which finds that items 5 and 6 of the inventory represents corporate property is affirmed. The balance of the findings and order of the probate court is vacated.

HATHAWAY and BIRDSALL, JJ., concur.