887 P.2d 1

MARVIN JOHNSON, P.C., and Marvin Johnson, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Robert D. Myers, a judge thereof, Respondent Judge,

The ESTATE OF Keith Harlan CURTIS, Real Party in Interest.

No. 1 CA–SA 94–0125.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 2, 1994.

Motion for Depublication Denied and Review Granted Jan. 24, 1995.*

---

Lesher & Williams, P.C. by Robert O. Lesher, Tucson, for petitioners.

Arthur N. Gorman and Law Offices of Charles L. Arnold, P.C. by Charles L. Arnold and Wendy S. Laskin, Phoenix, for real party in interest.

## OPINION

JACOBSON, Judge.

Petitioners in this special action challenge the probate court's order consolidating a tort action in which they are defendants with a

* Zlaket, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

pending probate proceeding involving the estate that filed suit against them for tort damages. The only issue we address is whether the probate court exceeded its subject matter jurisdiction by consolidating the tort action into the probate proceeding.[1] Because petitioners have no plain, adequate, and speedy remedy by appeal from the consolidation order, and because the issue is purely one of law, we accepted special action jurisdiction. *See generally* Rules 1 and 3, Arizona Rules of Procedure for Special Actions.

### Factual and Procedural Background

On July 15, 1993, in cause number CV 93–16680 (the tort action), the estate of Keith Harlan Curtis (estate) filed a civil complaint entitled "Tort; Non–Motor Vehicle" against the law firm of Marvin Johnson, P.C., and individual defendants Marvin Johnson and Neal T. Roberts, attorneys who had previously represented the estate and handled the probate, as well as individual defendant Delmar Whitehead, who had formerly been the personal representative of the estate.[2] The complaint alleged that defendants, acting in concert and while Roberts was within the course and scope of his employment with the law firm, converted $50,000 of estate assets. The complaint alleged Johnson's liability based upon his negligent hiring, training, and supervision of Roberts. The complaint also alleged fraud, breach of fiduciary duty, and racketeering, and sought compensatory damages for the converted assets, treble damages pursuant to A.R.S. § 13–2314, punitive damages, prejudgment interest, costs, and attorneys' fees.

The estate filed a motion to consolidate the tort action in probate court,[3] and, after oral argument,[4] the probate court ordered consolidation, ruling in part:

Clearly and unequivocally ... A.R.S. § 14–3105 gives this Court jurisdiction to hear the tort case here. The witnesses in both cases *may* be substantially the same, the issues *may* be substantially the same, this Court will be able to set this matter for trial earlier than a civil division, and therefore for both judicial economy and speed of resolution of the issues, the Court grants the Personal Representative's Motion to Consolidate....

(First emphasis in original; second emphasis added.)

Petitioners Marvin Johnson, P.C., and Johnson brought this special action, challenging the probate court's subject matter jurisdiction to consolidate a tort action against them with the probate proceeding.

### Jurisdiction of the Probate Court

Petitioners contend that the probate court has no subject matter jurisdiction over the tort action within the scope of its statutory jurisdiction pursuant to A.R.S. § 14–1302, which provides:

A. To the full extent permitted by the constitution, the court has jurisdiction over all subject matter relating to: .

1. Estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons.

2. Protection of minors and incapacitated persons.

3. Trusts.

B. The court has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it including power to enforce orders against a fiduciary by contempt proceedings and to compel action by a fiduciary by body attachment.

Citing the same statute, the estate argues that the probate court has jurisdiction over the estate's action "to recover damages to

---

1. Petitioners also raised an issue regarding the probate court's denial of their notice of change of judge. That issue has been mooted by our disposition on the issue of subject matter jurisdiction.

2. The suit also named the individual defendants' wives.

3. The motion to consolidate and any response thereto were not included in the exhibits in this special action.

4. A court reporter was not present at the oral argument; thus, we have no transcript of the hearing available.

replenish the assets wrongfully converted." The probate court, however, found the basis for its jurisdiction to consolidate the tort action in A.R.S. § 14–3105, which provides, in pertinent part:

> The court has jurisdiction of any other action or proceeding concerning succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate, and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

▄ We begin our analysis with the recognition that a probate court is a court of limited jurisdiction; when it acts outside of its statutory jurisdiction, its orders are void. *Estate of Wright,* 132 Ariz. 555, 560, 647 P.2d 1153, 1158 (App.1982). When a superior court division acts as a court of probate, its jurisdiction and functions are different from its jurisdiction and functions when sitting as a court of law or equity. *Shattuck v. Shattuck,* 67 Ariz. 122, 128, 192 P.2d 229, 231 (1948); *see also Gonzalez v. Superior Court,* 117 Ariz. 64, 66, 570 P.2d 1077, 1079 (1977).

▄ It has long been recognized that a probate court does not have jurisdiction to determine claims against individuals; rather,

the probate court may determine claims only against the estate, or among individuals involving their respective interests in the estate. *See, e.g., Estate of Alfaro,* 18 Ariz.App. 173, 500 P.2d 1161 (1972) (probate court could not determine husband's claimed ownership of property listed as an estate asset for purposes of quieting title); *Gonzalez,* 117 Ariz. at 66, 570 P.2d at 1079 (probate procedures may not be used to determine the rights of third parties); *Estate of Wright,* 132 Ariz. at 560, 647 P.2d at 1158 (probate court had no jurisdiction to enter authorization of payment of attorney's fees to heir's attorney from heir's portion of the estate); *Estate of Soble,* 137 Ariz. 223, 224, 669 P.2d 1000, 1001 (App.1983) (probate court has jurisdiction to determine if an asset was property of the estate, but no jurisdiction to enter a judgment for amount of rent another owed for use of the asset). These long-standing principles have not necessarily been replaced by Arizona's 1973 revision of the probate code. *See* A.R.S. § 14–1103 ("[u]nless displaced by the particular provisions of this title, the principles of law and equity supplement its provisions").

This recognition of the limits to the jurisdiction of the probate court has also been well-established in other jurisdictions with statutes similar to A.R.S. §§ 14–1302 and 14–3105.[5] For example, the Michigan Court of

---

5. Both jurisdictional statutes at issue in this case were in large part adopted from the Uniform Probate Code (U.P.C.), 8 U.L.A. 32 (West 1983), and are thus comparable to the jurisdictional statutes in other jurisdictions. However, the Arizona jurisdictional statutes are not identical in all respects to their U.P.C. counterparts.

Section 1–302 of the Uniform Probate Code, from which A.R.S. § 14–1302 was adopted, includes language not adopted in Arizona:

> (a) To the full extent permitted by the constitution, the Court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons; (2) protection of minors and incapacitated persons; and (3) trusts.
> (b) The Court has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it [including power to enforce orders against a fiduciary by contempt proceedings and to compel action by a fiduciary by body attachment].

> (c) The Court has jurisdiction over protective proceedings and guardianship proceedings.
> (d) If both guardianship and protective proceedings as to the same person are commenced or pending in the same court, the proceedings may be consolidated.

(Highlighted portion indicates language not included in A.R.S. § 14–1302; bracketed portion indicates language added by A.R.S. § 14–1302.)

The intent to limit the probate court's jurisdiction is particularly evident when comparing section 3–105 of the Uniform Probate Code, from which A.R.S. § 14–3105 was adopted, to the Arizona statute. The Uniform Code provides:

> ... **The Court has exclusive jurisdiction of formal proceedings to determine how decedents' estates subject to the laws of this state are to be administered, expended and distributed.** The Court has *concurrent* jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate, and of any action or proceeding in which property distrib-

**4**

Appeals held that a probate court's statutory jurisdiction, under a statute providing that the probate court had jurisdiction over "[m]atters relating to the settlement of the estate of a deceased person ...," did not include a claim for money damages for breach of contract brought by the estate of the deceased person against a third party defendant, nor did it include the defendant's counterclaim. *In re Kus Estate*, 136 Mich. App. 343, 356 N.W.2d 23, 25 (1984). The appellate court reasoned, "Probate courts do not become courts of general jurisdiction just because an estate is involved," although the court noted that the probate code does allow the filing of a claim *against* the estate of a deceased person and a determination whether such a claim is justifiable and should be paid. *Id.; see also Noble v. McNerney*, 165 Mich.App. 586, 419 N.W.2d 424, 427 (1988) (probate court not a court of general jurisdiction even though scope of jurisdiction has been expanded by the revised probate code). Similarly, a Florida appellate court found authority for a probate court to "freeze" or "marshal assets," which included corporate stock in which decedent might have had an interest, but concluded that the probate court erred in further restraining the corporations themselves, which were not parties to the probate proceedings. *Perez v. Lopez*, 454 So.2d 777, 778 (Fla.App.Dist. 3 1984). The Montana Supreme Court has held that a probate court has no power or authority to distribute assets that are not owned by the estate, *Estate of Swandal*, 179 Mont. 429, 587 P.2d 368, 371 (1978), nor does it have jurisdiction to approve a settlement of a wrongful death suit filed by the personal representative. *Estate of Pegg*, 209 Mont. 71, 680 P.2d 316, 322 (1984).

■ All of the above-cited cases implicitly recognize that no provision of the probate code authorizes the probate court to enter judgments against third parties if those parties have not brought a claim against the estate. In *Gonzalez*, our supreme court recognized that, notwithstanding the legislature's intent in revising the probate code "to

confer upon the Superior Court sitting in probate its full constitutional jurisdiction in matters which might arise affecting estates," the "summary in rem procedure of probate" was not meant to be employed to determine the rights of third parties. 117 Ariz. at 66, 570 P.2d at 1079. Similarly, in *Soble*, this court held that the statutory jurisdiction of the probate court did not include the right to enter a judgment regarding a non-estate asset. 137 Ariz. at 224, 669 P.2d at 1001.

In this case, the probate court attempted to distinguish the holdings of *Gonzalez* and *Soble* on the following bases:

The *Soble* case is distinguishable from the instant case because in *Soble* the Appellate Court held that the probate court did have the jurisdiction to determine whether the contested assets represent a corporate property or property of the estate. However, said the Appellate Court, the probate court did not have jurisdiction to enter a money judgment against the estate where the claim did not involve the estate's liability, it involved corporate liability. However, the Appellate Court even went so far as to suggest that it is the probate court which should determine the issue, by way of declaratory judgment, as to whether or not the landlord could reach a corporate asset, namely the deceased sole shareholder's personal assets which, in this case, happen to be estate assets.

*The distinction is that the proceeding against the corporation for failure to pay rent could not be litigated in probate court because the corporation was not a party to the probate proceedings.*

*Gonzalez* is distinguishable because all that case held was that a quiet title action could not be tried by way of an Order to Show Cause, but rather it should have been tried pursuant to a "regular" trial pursuant to the Rules of Civil Procedure.

(Emphasis added.)

■ We do not see the probate court's "distinction," emphasized above, between the case law cited and the present case. The

uted by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

(Highlighted portion indicates language not included in A.R.S. § 14–3105; emphasis added.)

named defendants in the tort action are no more a "party to the probate proceedings" than was the corporation in *Soble*. A probate court simply does not have subject matter jurisdiction, under the provisions of either A.R.S § 14–1302 or § 14–3105, to enter a judgment of tort liability against the defendants in the tort action, or to award the estate damages against those individuals based on the theories alleged in the complaint, which, in this case, seeks, among other things, a judgment for treble damages and punitive damages unrelated to any recovery of assets of the estate. The jurisdictional statutes do not authorize the probate court to decide every suit in which the estate may be a plaintiff when the assets of the defendants are outside of its limited jurisdiction over the estate. Nor can the probate court obtain such jurisdiction through the procedural vehicle of consolidation under Rule 42(a), Arizona Rules of Civil Procedure, on the basis that the tort action and the probate action involve a "common question of law or fact," or for a speedy resolution of the claims of the estate against the defendants, or for any other reason that presumes a jurisdiction not statutorily granted. *See generally State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 76, 796 P.2d 876, 878 (1990) (court may not, by application of its procedural rules, expand its constitutional or statutory subject matter jurisdiction). Although we agree with the probate court that such a consolidation may result in judicial economy and a speedier resolution, the decision to grant that jurisdiction is one for the legislature. *See Estate of Pegg*, 680 P.2d at 323 ("[i]n concluding that the [probate] court exceeded its jurisdiction, we are not ignoring the potential economies of allowing a [probate] court to assume the task of settling a related matter.... As noted earlier, however, the decision to grant [probate] courts that authority is one made by legislatures").

We hold that the probate court exceeded its jurisdiction in consolidating the tort action with the probate action in this case. For the foregoing reasons, we accept special action jurisdiction and vacate the consolidation order entered in this matter by the probate court. The probate court has been directed by separate order to transfer the civil case back to the division of the superior court in which it originated.

Jurisdiction accepted, relief granted.

WEISBERG, P.J., and KLEINSCHMIDT, C.J., concur.