907 P.2d 67

**MARVIN JOHNSON, P.C., and Marvin Johnson, Petitioners,**

v.

**Honorable Robert D. MYERS, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,**

**ESTATE OF Keith Harlan CURTIS, Real Party in Interest.**

No. CV–94–0384–PR.

Supreme Court of Arizona,
En Banc.

Dec. 14, 1995.

Lesher & Williams by Robert O. Lesher, Tucson, for Marvin Johnson, P.C.

Arthur N. Gorman and Deborah A. Nastro, Phoenix, for Estate of Keith Harlan Curtis.

Charles L. Arnold and Wendy Schwartz Laskin, Phoenix, for Maricopa County Public Fiduciary Special Administrator of the Estate of Keith Harlan Curtis.

A. Paul Blunt and Jay M. Polk, Scottsdale, for Probate and Trust Section of the State Bar, amicus curiae.

OPINION

MARTONE, Justice.

We are asked to decide whether there is a jurisdictional bar to the power of a judge of the superior court to order the consolidation of a probate proceeding with a civil action brought by the estate being probated, against its former personal representative and lawyers, alleging improprieties in connection with the probate. We hold that there is no such bar.

## I. The Proceedings

Keith Curtis died. Neil T. Roberts, a lawyer with the office of Marvin Johnson, P.C., filed an application for the appointment of Delmar Whitehead as the personal representative of Curtis's estate. The petition was filed in the Superior Court of Arizona in Maricopa County and assigned a probate number. A judge of the superior court, to whom the probate case was assigned, having been advised of potential improprieties, removed Whitehead as personal representative and appointed the public fiduciary in his place. The estate then brought a civil action against Whitehead, Roberts and Johnson, as Robert's employer, alleging conversion, negligence, fraud, breach of fiduciary duty, and racketeering in connection with their earlier administration of the estate. The action was given a civil number and assigned to a different judge of the superior court.

Although the record before us is sparse, it appears that the estate filed a motion in the superior court to consolidate the probate proceeding with the civil action. The judge to whom the probate proceeding was assigned, over the objection of the civil action defendants, granted the motion and consolidated the civil action with the probate matter for all further proceedings.

Aggrieved by this ruling, the defendants in the civil action filed a notice of change of judge in the consolidated proceeding, and a petition for special action in the court of appeals. The civil action defendants argued that the order of consolidation was beyond the jurisdiction of the court, and that the judge improperly dishonored their notice of

change of judge. The court of appeals accepted jurisdiction and granted relief. It held "that the probate court exceeded its jurisdiction in consolidating the tort action with the probate action in this case." *Johnson v. Superior Court*, 181 Ariz. 1, 5, 887 P.2d 1, 5 (App.1994). It ordered the judge of the superior court to whom the probate case had been assigned to transfer the civil case back to the judge to whom it had been originally assigned. *Id.* It also concluded that its disposition mooted the notice of change of judge issue. *Id.* at 2 n. 1, 887 P.2d at 2 n. 1. Believing that an important issue of law with statewide implications had been incorrectly decided, we granted the estate's petition for review and now affirm the order of the superior court and vacate the opinion of the court of appeals. Rule 23(c)(4), Ariz. R.Civ.App.P.

## II. Analysis

■ Agreeing with the civil defendants' argument, the court of appeals held that "the probate court exceeded its subject matter jurisdiction by consolidating the tort action into the probate proceeding." *Johnson*, 181 Ariz. at 2, 887 P.2d at 2. We believe this is erroneous for two reasons. First, in Arizona there is no such thing as a distinct probate court. The single trial court of general jurisdiction is the superior court. Second, the Arizona Constitution grants subject matter jurisdiction in probate matters to the superior court.

We begin with the Arizona Constitution. Article 6, § 1 vests judicial power in an integrated judicial department consisting of this supreme court, such intermediate appellate courts as the legislature might create, a superior court, such courts inferior to the superior court as the legislature might create, and justice courts. Article 6, § 14(8) of the Arizona Constitution provides that "[t]he superior court shall have original jurisdiction of ... [m]atters of probate."

The civil defendants argued, and the court of appeals agreed, that when a judge of the superior court acts as a probate court, its jurisdiction is limited. They base their argument on Arizona statutes, references to

statements in prior cases, and references to the practices of other states.

References to the practices of other states are not very helpful because some other states do have free-standing independent institutions called probate courts. We turn then to our statutes and cases. Title 14 of the Arizona Revised Statutes covers decedents' estates, guardianships, protective proceedings, and trusts. Under A.R.S. § 14–1201(9), the word "Court," as used throughout Title 14, "means the superior court." Under A.R.S. § 14–1302(A) the court (and therefore the superior court), has jurisdiction over all subject matter relating to the estates of decedents "[t]o the full extent permitted by the constitution." The Arizona Rules of Civil Procedure generally apply to probate proceedings. A.R.S. § 14–1304. And if a party to a probate proceeding is otherwise constitutionally entitled to trial by jury, it gets one. A.R.S. § 14–1306. Section 14–3105, in effect at the time of the proceedings below, provided that, in addition to the power to hear and determine probate proceedings, the court had jurisdiction "of any other action or proceeding ... to which an estate ... may be a party."

Unlike the civil defendants and the court of appeals, we see no bar in any of these statutes to the consolidation of a civil action involving an estate with a probate proceeding. These statutes seem to us to be a legislative understanding of the full power of the superior court over probate matters and matters related to probate. Even if they could be read otherwise, they would only define the scope of the probate proceeding itself and not the power of a superior court judge to consolidate a probate proceeding with some other related action. We thus disagree with the premise of the civil defendants' argument. That is, even if our statutes sought to narrow the scope of a probate proceeding, that would only mean, for example, that one could not file a civil action in that proceeding, but it would say nothing about the power of a superior court judge to consolidate for trial or other purposes a civil action properly filed in the superior court.

What then of the cases? In *Gonzalez v. Superior Court*, 117 Ariz. 64, 570 P.2d 1077

(1977), Gonzales filed a petition "under the probate cause number" seeking an order that she, and not the estate, was the owner of certain property included by the personal representative in his inventory. *Id.* at 65, 570 P.2d at 1078. This was not a separate civil action, as here, but an actual filing in the probate proceeding. We reviewed our probate code and concluded that, even as to the scope of the probate matter itself, "the legislature intended to confer upon the superior court sitting in probate its full constitutional jurisdiction in matters which might arise affecting estates." *Id.* at 66, 570 P.2d at 1079. We thus reversed the order of the superior court that dismissed the petition for lack of subject matter jurisdiction. We also noted that both our statutes and our constitution acknowledge the rights of third parties to something other than a summary procedure. *Id.* To the extent that *Gonzalez* upheld the power of the superior court to accept a filing within the probate proceeding itself that affected the rights of third parties, *a fortiori*, the superior court would have the power to consolidate a separate filing with that probate proceeding.

We acknowledge that the word "jurisdiction" has been used in our prior cases and in those of the court of appeals. But our reading of those cases persuades us that its use was inexact. For example, the court of appeals believed that *Shattuck v. Shattuck*, 67 Ariz. 122, 192 P.2d 229 (1948), supported its conclusion "that a probate court is a court of limited jurisdiction." *Johnson*, 181 Ariz. at 3, 887 P.2d at 3. *Shattuck* did say that "insofar as a Superior Court exercises jurisdiction in matters of estates of deceased persons it is a court of probate and its jurisdiction and functions are different from its jurisdiction and functions when sitting as a court of law or equity." *Shattuck*, 67 Ariz. at 128, 192 P.2d at 231. But this language was a passing reference in a lengthy discussion unrelated to the issues or its holding. The issue in *Shattuck* was whether a probate decree was entitled to res judicata effect. The resolution of the case had nothing to do with the subject matter jurisdiction of the superior court sitting in probate. We read that dicta as another illustration of an imprecise use of the word "jurisdiction" to mean the scope of a probate proceeding itself, not subject matter jurisdiction. We also read it, and the lengthy discussion that accompanied it, as an acknowledgment of the breadth of the superior court's jurisdiction over probate and related matters. *Id.*

The court of appeals also relied upon its own cases to support the notion that the superior court sitting in probate is one of limited jurisdiction. But in each of these cases "jurisdiction" was used to mean the scope of the probate proceeding, not the jurisdiction of the court to whom the probate proceeding was assigned to decide other issues related to that probate. *Estate of Soble*, 137 Ariz. 223, 224, 669 P.2d 1000, 1001 (App. 1983) (superior court sitting in probate determines whether a contested asset is corporate property or property of the estate but may not enter a judgment for the amount of rent claimed to be paid out of an asset determined by the court to be a corporate asset); *Estate of Wright*, 132 Ariz. 555, 560, 647 P.2d 1153, 1158 (App.1982) (superior court sitting in probate may not authorize payment of attorney's fees out of heir's respective share of the estate for services rendered in connection with the probate on behalf of the heir); *Estate of Alfaro*, 18 Ariz.App. 173, 174, 500 P.2d 1161, 1162 (1972) (superior court sitting in probate may decide whether certain real estate may be excluded from decedent's estate but may not quiet title to the property). Whatever the merits of the substantive holdings of these cases, which are not before us, we disapprove the language in these cases regarding the subject matter jurisdiction of the superior court. That language cannot survive *Gonzalez*. Nor is it consistent with our constitution.

As we have seen, at the time of the proceedings below, § 14–3105 expanded the scope of a probate proceeding to include any other action to which the estate was a party. And, in apparent response to the opinion of the court of appeals here, in 1995 the legislature made express that which was always there. It specifically included "actions against third parties to recover estate assets" as within the general jurisdiction of the court entertaining the probate proceeding. Laws 1995, Chapter 287, § 4. To be sure, the

word "jurisdiction" was used but in the sense of defining the scope of a probate proceeding, not the subject matter jurisdiction of the superior court.

Part of the uncertainty in the instant case may well spring from the departmental specialization in the Superior Court of Arizona in Maricopa County. It has a probate department, a civil department, a criminal department, a domestic relations department, a tax department, and a juvenile department. But these departments are in-house administrative mechanisms that do not affect the jurisdiction of the superior court. That we may sometimes refer to these departments as courts does not make them discrete courts. For example, A.R.S. § 12–161(A) defines the "tax court" as "the tax department of the superior court in Maricopa county." Section 8–201(14) defines the "Juvenile court" as the juvenile division of the superior court. *See Maricopa County Juvenile Action No. JS–8441*, 174 Ariz. 341, 341 n. 2, 849 P.2d 1371, 1371 n. 2 (1992).

Of course, our imprecise use of language cannot detract from the constitutional grant of jurisdiction to the Superior Court of Arizona as a single unified trial court of general jurisdiction. This is seen best in counties in which a single judge of the superior court hears all cases. There is no departmental specialization. That judge will hear the probate proceeding and necessarily any civil action associated with it. That model is helpful to our consideration of the jurisdiction of the superior court.

■ Turning to this case, there is no probate court apart from the superior court and no subject matter jurisdictional bar to the ability of a superior court judge to hear both a probate matter and a civil action connected with it. Our probate code contemplates the applicability of the Rules of Civil Procedure to proceedings under it. A.R.S. § 14–1304. Under Rule 42(a), Ariz.R.Civ.P., actions involving a common question of law or fact may be consolidated, joint hearings or trials may be held, and the court "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Similarly, under Rule 42(b), Ariz.R.Civ.P., a court may order separate trials for claims

within a case in order to further the convenience of the parties or to avoid prejudice, and must always preserve inviolate the right to trial by jury. And, as we noted in *Gonzalez*, just because a judge of the superior court who hears a probate matter may hear other matters connected with it "does not mean that the summary in rem procedure of probate may be employed to determine the rights of third parties." 117 Ariz. at 66, 570 P.2d at 1079. Thus, as here, if a tort action is consolidated with a probate proceeding, the parties to that tort action are entitled to all the rights they would have had under the Rules of Civil Procedure or otherwise, just as though the action had been consolidated with another tort action. Such third parties, and therefore the civil defendants here, will suffer no prejudice from consolidation. It seems to us to make eminent good sense to allow the judge who is presiding over a probate proceeding to preside over a civil action relating to probate assets brought by the estate against its former personal representative and lawyers.

In all events, we hold that the judge to whom the probate case was assigned had the power under Rule 42(a), Ariz.R.Civ.P., to consolidate a related civil action with the probate proceeding. We thus affirm that order and vacate the opinion of the court of appeals. We need not reach the question of the propriety of the notice of change of judge. That issue has been mooted by the appointment of the judge as the Presiding Judge of the Superior Court of Arizona in Maricopa County who thus on remand will not be hearing these cases. This case is remanded to the superior court for further proceedings consistent with this opinion.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN, J., concur.

ZLAKET, J., did not participate in the determination of this matter.