925 P.2d 1079

Reno LERETTE, Petitioner–Appellant,

v.

Charles ADAMS, The State of Arizona, Respondents–Appellees.

No. 1 CA–CV 96–0136.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 22, 1996.

Reno Lerette, Tucson, In Propria Persona.

Terence C. Hance, Coconino County Attorney by Richard S. Vihel, Deputy County Attorney, Flagstaff, for Appellees.

FIDEL, Judge.

When a case filed in superior court in one county is reassigned, to avoid any appearance of a conflict of interest, to a superior court judge from another county, does the reassignment constitute a change of venue? We hold that it does not.

This appeal arises from the dismissal of special action petitions that Appellant Reno Lerette filed following his conviction and sentence on felony charges in the Superior Court of Coconino County. Because Appellant's petitions concerned actions by judges of the Superior Court in Coconino County, the Coconino County presiding judge, wishing to avoid any appearance of impropriety, transferred the petitions to Judge Pope, a superior court judge in Mohave County. Because the need for such a transfer is not an issue on appeal, we omit discussion of the underlying circumstances. The only issues on appeal are (1) whether Judge Coker's transfer constituted a change in venue, and (2) whether Judge Pope's dismissal order was improper or denied Appellant due process of law.

■ Appellant's first argument—that the transfer improperly changed the venue of his petitions to Mohave County—demonstrates a fundamental misunderstanding of the transfer process of the Superior Court of Arizona. The Superior Court of Arizona is a "single unified trial court," *Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995), that is separated into divisions by county. *See* Ariz.Rev.Stat. Ann. ("A.R.S.")

§ 12–121(A) (1992). Although superior court judges primarily serve in their home county, they are qualified and eligible to serve in any division of the court. When agreeing to accept assignment in Appellant's case, Judge Pope, who normally sits in Mohave County, in effect agreed to serve as a visiting judge in Coconino County. Thus, the transfer of Appellant's case was not a change of venue; it was a change of judge.

■ Appellant next argues that Judge Pope inappropriately dismissed his special action petitions. Here too, Appellant is mistaken. Only the court of appeals has subject matter jurisdiction to hear special action petitions concerning actions taken by the superior court. A.R.S. § 12–120.21(A)(1). Because Appellant filed his petitions in the wrong court, Judge Pope appropriately dismissed them.

Appellant also argues that he was denied due process of law. This argument, however, rests entirely on the assertions that the trial court improperly changed the venue of his petitions and improperly dismissed them. Having rejected both the underlying arguments, we also reject the due process argument.

The orders of the superior court are affirmed.

NOYES, P.J., and MYERS, J.,[1] concur.

1. The Honorable Robert D. Myers, Judge of the Superior Court of Maricopa County, was authorized by the Chief Justice of the Arizona Supreme Court to participate in this appeal pursuant to Ariz. Const. art. VI, § 3.