¶ 41 JUDGE TAUBMAN,
concurring in part and dissenting in part.
¶ 42 I agree with the majority’s opinion, except its conclusion in Parts IV and V that plaintiff, Vicki Spacek, and intervenor, Darren Ferguson (collectively plaintiffs), are not entitled to trial attorney fees or appellate attorney fees under section 15-10-504(2)(a), C.R.S. 2015. I agree with the trial. court’s well-reasoned decision that plaintiffs are entitled to an award of attorney fees under that statute against defendant, Benjamin Luke Taylor, individually and as co-trustee of the Donald C. Taylor and Margaret Ami Taylor Joint Revocable Trust.
¶ 43 Section 15-10-504(2)(a) provides:
If a court, after a hearing, determines that a breach of fiduciary duty has occurred or an exercise of power by a fiduciary has been improper, the court may surcharge the fiduciary for any damage or loss to the estate, beneficiaries, or interested persons. Such damages may include compensatory damages, interest, and attorney fees and costs.
¶ 44 The probate code expressly defines “interested person” to include “children •.. and any others having a ... claim against a trust estate or the estate of a decedent, ward, or protected person, which may. be affected by the proceeding.” § 15-10-201(27), C.R.S. 2015. Because plaintiffs are children of the decedent, Margaret Aim Taylor, they would.be entitled to receive attorney fees under section 15-10-504(2)(a) if the trial court, after a hearing, determines either that a breach of fiduciary duty has occurred or an exercise of power by a fiduciary has been improper.
¶ 45 Here, a jury determined that defendant had breached his fiduciary duty to plaintiffs, a conclusion which the majority affirms. Nevertheless, defendant argues that section 15-10-504(2)(a) is inapposite because the breach of fiduciary duty was determined here by a jury rather than by the trial court.
¶ 46 However, I agree with the trial court that the jury trial in this case may be considered a surcharge hearing, especially because defendant demanded a jury trial on the breach of fiduciary duty claim. This conclusion is logical because, as the trial court noted, this action began as a civil case, and after the probate case and the civil case were consolidated, the first trial court judge ruled that the' consolidated case was a probate matter in its entirety.[1] Accordingly, it follows that the probate code, and specifically section *436 15-10-504(2)(a), applies here. In the alternative, I would conclude that the separate hearing on attorney fees satisfied the terms of the statute.
¶ 47 I further agree with the trial court's conclusion "that section 15-10-504 “provides that court—loot the jury—with the power to surcharge a fiduciary for attorney fees.” Consequently, even though the breach of fiduciary duty was determined by the jury, the trial court could properly exercise its responsibilities as a fact finder to determine whether attorney fees should be awarded, and, if so, in what amount.
¶ 48 I disagree with the majority’s rejection of plaintiffs’ request for an award of appellate attorney fees. Because that request was predicated on the applicability of section 15-10-504(2)(a), and because plaintiffs have prevailed on the merits, I would conclude that they are entitled to an award of appellate attorney fees. Accordingly, I would remand to the trial court to determine the amount of appellate attorney fees to which I believe plaintiffs are entitled.

. The trial court was authorized to consolidate the breach of fiduciary duty action with the probate proceeding under section 15-10-303, C.R.S. 2015. The section provides, in pertinent part, that proceedings involving "the same estate, protected person, ward, or trust” may be consolidated in the court where the first proceeding was filed—here, the probate proceeding. See also C.R.C.P. 42(a). In addition, the probate code expressly provides for jury trials when a party has a constitutional right to a trial by jury, so defendant's request for a trial by juiy on his breach of fiduciary claim was consistent with the trial court consolidating the two cases under the probate code. See § 15-10-306(1), C.R.S. 2015. Further, the supreme court’s admonition in Mission Viejo Company v. Willows Water District, 818 P.2d 254, 259 (Colo. 1991), that "consolidation does not merge the consolidated actions into a single action” does not apply here, where the parties are the same in both proceedings. Finally, the Arizona case on which the majority relies for the proposition that parties to a tort action that is consolidated with a probate action "are entitled to all the rights they would have had under the Rules of Civil Procedure, or otherwise,” is inap-posite, because defendant here has not been deprived of any of his rights under the Colorado Rules of Civil Procedure. See Marvin Johnson, P.C. v. Myers, 184 Ariz. 98, 907 P.2d 67, 71 (1995). Rather, he has been assessed attorney fees under the Colorado Probate Code, and he has not cited authority to support his contention that he has a right not,to be assessed attorney fees under the circumstances presented here.