NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

Robert A. Grove, *Deceased*.

KATHY QUAM, *Petitioner/Appellant*,

*v.*

THERESA J. GROVE, *Respondent/Appellee*.

No. 1 CA-CV 14-0786
FILED 10-25-2016

Appeal from the Superior Court in Maricopa County
No. PB2013-000616
The Honorable Brian S. Rees, Commissioner

**AFFIRMED**

COUNSEL

Law Office of Fredrick M. Jones, Phoenix
By Fredrick M. Jones
*Counsel for Petitioner/Appellant*

Mark E. Hall P.C., Scottsdale
By Mark E. Hall, Richard F. Faerber
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1     Kathy Quam appeals the superior court's order determining that Theresa Grove shall remain the beneficiary of Robert Grove's life insurance policy and retain a one-half interest in his pension benefits. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2     The superior court dissolved Theresa and Robert Grove's twenty-one-year marriage by consent decree on September 6, 2013. As relevant here, the decree provided that both parties waive any interest in the other's retirement, deferred compensation, or pension accounts. However, the parties' settlement agreement, which the court expressly incorporated into the decree, stated that Robert and Theresa would evenly divide Robert's Arizona State Retirement System pension benefits. The settlement agreement also awarded the marital residence to Robert and directed that he refinance the existing mortgage to remove Theresa as a mortgagee within forty-eight months. Theresa and Robert agreed to keep each other as beneficiaries of their existing life insurance policies until the refinance was completed.

¶3     Robert died two weeks after the dissolution. Theresa filed an application for informal probate of Robert's will, and the superior court appointed her personal representative of his estate. Quam, Robert's sister, petitioned the court to remove Theresa as personal representative, alleging her nomination as Robert's personal representative was revoked under

---

[1]     We view the facts in the light most favorable to upholding the superior court's decision. *See Estate of Blake v. Benza*, 120 Ariz. 552, 553 (App. 1978) (citing *Lane Title & Tr. Co. v. Brannan*, 103 Ariz. 272, 279 (1968), and *Muccilli v. Huff's Boys' Store, Inc.*, 12 Ariz. App. 584, 586 (1970)).

Arizona Revised Statutes (A.R.S.) section 14-2804(A)(1)(c)[2] because she and Robert had divorced. Theresa opposed the removal and argued she was an appropriate personal representative because she was the primary beneficiary of Robert's estate and an obligor on the residence.

¶4            At the evidentiary hearing on the petition, the superior court also considered Quam's argument that Arizona law prohibited Theresa from receiving Robert's life insurance or pension benefits because Robert did not re-designate Theresa as a beneficiary of those funds after the divorce. Theresa responded that she remained the beneficiary of Robert's life insurance and pension benefits because a beneficiary designation is not revoked under Arizona law when a court order, such as the consent decree here, expressly states otherwise. Theresa also presented evidence to support her argument that she was entitled to collect additional monies from the estate because Robert committed fraud when negotiating the marital settlement agreement by misrepresenting the value of his life insurance policy.

¶5            After taking the matter under advisement, the superior court terminated Theresa's appointment as personal representative and appointed Quam as the successor personal representative of Robert's estate. However, the court determined Theresa remained a beneficiary of the life insurance and pension benefits because the consent decree, read as a whole, provided that she would continue as beneficiary after the dissolution.[3] Quam timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(9).

**DISCUSSION**

**I.      Theresa's Testimony Regarding Negotiations with Robert**

¶6            Quam first contends the superior court erred by admitting Theresa's testimony regarding her negotiations with Robert that led to the marital settlement agreement in violation of A.R.S. § 12-2251. We will not disturb a ruling on the exclusion or admission of evidence "unless a clear

---

[2]      Absent material changes from the relevant date, we cite a statute's current version.

[3]      Quam states in her opening brief that the superior court ordered that Theresa was entitled to one-half of Robert's life insurance proceeds. The order actually stated Theresa was entitled to one-half of Robert's pension benefit and the entirety of the life insurance proceeds.

abuse of discretion or legal error appears and prejudice results." *E.g., Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 332, ¶ 20 (App. 2009) (citing *Selby v. Savard*, 134 Ariz. 222, 227 (1982), and *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 88, ¶ 7 (App. 1998)).

**¶7** Commonly referred to as Arizona's "deadman's statute," A.R.S. § 12-2251, provides in relevant part:

> In an action by or against personal representatives . . . in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party, or required to testify thereto by the court. The provisions of this section shall extend to and include all actions by or against the heirs, devisees, legatees or legal representatives of a decedent arising out of any transaction with the decedent.

Testimony regarding prior transactions with a decedent is admissible "only in the trial court's discretion to prevent an injustice or where there is independent evidence to corroborate the statement or transaction." *Estate of Calligaro v. Owen*, 159 Ariz. 498, 503 (App. 1988) (citing *In re Estate of Mustonen*, 130 Ariz. 283, 284 (App. 1981), and *Mahan v. First Nat'l Bank of Ariz.*, 139 Ariz. 138, 140 (App. 1984)).

**¶8** Here, the superior court allowed Theresa to testify that she had agreed to waive her claim for spousal maintenance so Robert would have sufficient funds to pay his life insurance premiums, but Robert did not inform her that one of his two life insurance policies had lapsed due to non-payment. The certified legal document preparer who drafted the parties' marital settlement agreement partially corroborated Theresa's testimony, and, moreover, the court had discretion to admit this evidence to prevent injustice occasioned by fraud in the execution of that agreement. *See Calligaro*, 159 Ariz. at 503.

**¶9** Furthermore, any error in the admission of this evidence would be harmless because the superior court explained it would not consider the extrinsic evidence when interpreting the consent decree, *see In re Marriage of Zale,* 193 Ariz. 246, 249-50, ¶¶ 10-11, 14 (1999) (stating a consent decree, as a final judgment, is "an independent resolution by the court of the issues before it" and applying the parol evidence rule constitutes an "impermissible collateral attack"), and, ultimately, rejected

Theresa's claim that Robert committed fraud in the negotiation of the marital settlement agreement.

**¶10** Quam has not demonstrated any abuse of discretion or prejudice from the admission of Theresa's testimony regarding her negotiations with Robert, and we find no error.

## II. Subject Matter Jurisdiction

**¶11** Quam also argues the superior court did not have jurisdiction to adjudicate the parties' rights to the life insurance proceeds because those monies were not estate assets.[4] *See, e.g.*, *Jones v. Sailes (*In re *Estate of Jones)*, 10 Ariz. App. 480, 482 (1969) ("Where the estate of the decedent is not the designated beneficiary the proceeds of a life insurance policy do not become a part of the estate of the insured and a beneficiary under an insurance policy takes by virtue of the contract of insurance rather than by the laws of succession.") (citations omitted). Subject matter jurisdiction is a question of law that we review *de novo*. *E.g.*, *In re Marriage of Crawford*, 180 Ariz. 324, 326 (App. 1994) (citations omitted).

**¶12** The superior court of Arizona is a single unified court of general jurisdiction. *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102 (1995). As our supreme court has noted, though the superior court may designate a probate department, this is simply an administrative classification that does not affect the probate court's status as a court of general jurisdiction or the superior court's jurisdiction over probate matters. *Id.* at 100, 102. Accordingly, the superior court had jurisdiction to consider all claims related to the administration of Robert's estate. *Id.* at 102 ("[T]here is no probate court apart from the superior court and no subject matter jurisdictional bar to the ability of a superior court judge to hear both a probate matter and a civil action connected with it.").

## CONCLUSION

**¶13** For the foregoing reasons, we affirm.

---

[4] Quam also challenges the merits of the superior court's ruling, arguing that the consent decree did not incorporate the parties' marital settlement agreement and therefore did not satisfy the "court order" requirement of A.R.S. § 14-2804. Although the record reflects otherwise, we decline to consider this argument because Quam first raised it in her reply brief. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007) (citing *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997)).

**¶14** Theresa requests an award of attorneys' fees and costs incurred in the superior court and on appeal pursuant to A.R.S. § 14-3720 ("If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred."). We find the litigation was initiated against Theresa while serving as Robert's personal representative. In this capacity, she was entitled to defend against Quam's related claims that she was ineligible to serve as personal representative or take non-probate assets, both in the superior court and on appeal. Theresa is thereby awarded her reasonable attorneys' fees incurred in the superior court and on appeal. The fees awarded on appeal are limited to those related to the preparation of her appellate briefs. Additionally, as the successful party, Theresa is entitled to costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA