NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Estate of:

DAVID GEORGE GREGAN and KATHLYN MAUREEN GREGAN,
Deceased.

MAUREEN E. GREGAN, *Petitioner/Appellant*,

*v.*

EAST VALLEY FIDUCIARY SERVICES, *Respondent/Appellee*.

No. 1 CA-CV 18-0189
FILED 2-28-2019

Appeal from the Superior Court in Maricopa County
No. PB2002-090036
The Honorable Terri L. Clarke, Judge Pro Tempore

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Gregan Law Office PC, Apache Junction
By Maureen E. Gregan
*Counsel for Petitioner/Appellant*

Hunter, Humphrey & Yavitz, PLC, Phoenix
By Candess J. Hunter, Isabel M. Humphrey
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Vice Chief Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1     Maureen E. Gregan appeals from the probate court's order approving the third account of East Valley Fiduciary Services ("EVFS"), the successor personal representative of her parents' estate.  For the following reasons, we affirm in part and vacate and remand in part.

## FACTS AND PROCEDURAL HISTORY

¶2     David George Gregan and Kathlyn Maureen Gregan died intestate in 2001.  They left three adult children, David W. Gregan (David), Maureen E. Gregan (Maureen), and Kelly M. Shaffer (Kelly).  In 2002, Maureen and David jointly applied for informal probate of the estate, asking to serve as co-personal representatives.  *See* Ariz. Rev. Stat. (A.R.S.) § 14-3301(2019).[1]  The probate court granted their application.

¶3     Twelve years later, the estate was still open.  David and Maureen cross-petitioned to remove one another as co-personal representative, each accusing the other of failing to cooperate and improperly managing estate assets.  Upon stipulation by the heirs, the probate court appointed EVFS as the successor personal representative. Rex Decker (Decker) appeared as counsel for EVFS.

¶4     The bulk of the estate's value was comprised of real property, including a residential home, two pieces of vacant land, and a commercial car lot.  From the outset, the parties gave EVFS mixed messages regarding their decision to sell the properties or distribute them in-kind.

---

[1] We cite to the current version of any statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

¶5        One year after its appointment, EVFS filed a petition for approval of a proposed distribution and its first annual report. EVFS explained that fees were higher than expected for many reasons, including

> incomplete records, the absence of an Inventory and Appraisement, missing records that had been purged from the bank archives, a lack of date of death appraisals, unaccounted for rents and potential rents, disagreements as to what accounts should be included in the Estate, disagreements as to what should be done with the real property, appraisal discrepancies relative to the real property, sale proposals on a car lot involving [] past and present lease conditions and EPA concerns, disagreements as to what should be done with the personal property, and unpaid taxes, interest and penalties.

¶6        Maureen objected to EVFS's petition and asked the probate court to deny the annual account. In a separate pleading, she objected to Decker's fees as "excessive and unreasonable" and asked the court to disallow $13,445.00 of billed fees. Kelly joined in Maureen's objection. The probate court disallowed $4,730.00 in fees.

¶7        Thereafter, the case continued as the remaining assets were distributed and the estate was settled. Maureen again objected to the attorneys' fees. Over her objection, the probate court entered an order approving the amended third account, including approval of $42,311.17 in attorneys' fees and $7,354.04 in fiduciary fees.

¶8        Maureen timely appealed from the order, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(9) (2019).

## DISCUSSION

¶9        We review the probate court's approval of a personal representative's attorneys' fees for an abuse of discretion. *See In re Estate of Wright*, 132 Ariz. 555, 560 (App. 1982) *disapproved of on other grounds by Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 101 (1995). We view the record in the light most favorable to upholding the court's decision and will affirm if it is supported by any reasonable basis. *See Weinstein v. Weinstein*, 235 Ariz. 40, 51, ¶ 41 (App. 2014).

**I.      Attorneys' Fees**

**¶10**          On appeal, Maureen challenges the attorneys' fees awarded to EVFS.  First, she argues that EVFS should not be permitted to recover fees incurred in defending or justifying Decker's disputed fees.  Next, she argues that the total amount of fees billed ($91,409.30) is unreasonable.

**¶11**          A personal representative who defends or prosecutes a proceeding "in good faith" is entitled to receive from the estate "necessary expenses and disbursements including reasonable attorneys' fees incurred." A.R.S. § 14-3720 (2019). In determining reasonable compensation for a personal representative, the probate court must adhere to the fee guidelines for professional services set forth in the Arizona Code of Judicial Administration (A.C.J.A.).  *See* Ariz. R. Prob. P. 33(F); A.C.J.A. § 3-303(C). Section 3-303 instructs the court to "[w]eigh the totality of the circumstances in each case" and to determine reasonable compensation on a "case-by-case basis."  A.C.J.A. § 3-303(D)(1)(b).  Section 3-303 also sets forth multiple factors for the court to consider in determining reasonable compensation, including,  as relevant here, (1) the usual market rates; (2) the total amount of all annual expenditures relative to the amount of the estate; (3) the expertise, training, education, experience and skill of the professional; (4) the conditions or circumstances of the work; (5) the work actually performed; and (6) the result. *See* A.C.J.A. § 3-303(D)(3).

**¶12**          Maureen relies on § 3-303 to argue that EVFS should not be compensated for time Decker spent defending his fees.  Specifically, she argues that, under § 3-303(D)(2)(f)(1), billable time does *not* include "[t]ime spent on billing or accounts receivable activities, including time spent preparing itemized statements of work performed, copying, or distributing statements."  A.C.J.A. § 3-303(D)(2)(f)(1).  Decker, however, did not bill the estate for "billing or accounts receivable activities."  Rather, he billed the estate for time spent researching and responding to Maureen and Kelly's objections to his fees. Section 3-303 does not exclude this type of work from "billable time." Moreover, § 3-303 provides that when "contested litigation" arises over fees, the probate court may determine reasonable compensation "in its sole discretion."  A.C.J.A. § 3-303(D)(2)(f)(1).

**¶13**          This court has previously addressed the question of whether a personal representative is prohibited from recovering fees incurred in defending its fees. *See Pierce v. Molet*, 207 Ariz. 401, 402, ¶ 10 (App. 2004). In *Pierce*, the plaintiffs argued that such fees cannot be recovered because the act of defending the personal representative's compensation or her attorney's fees does not benefit the estate. *See id.*  This court declined to

prohibit the recovery of such fees. *See id.* at 408, ¶ 31. Instead, we explained that A.R.S. § 14-3720 requires the reviewing court to determine whether the personal representative acted in "good faith" by considering "all relevant surrounding circumstances." *See id*. at 406, ¶ 25. While the question whether the estate derived a benefit from the fees is a "relevant subject for inquiry," it is not a dispositive statutory requirement. *See id.* at 402, ¶ 1.

¶14      We have reviewed Decker's billing statements to determine if he acted in good faith and to determine if the probate court had a reasonable basis for approving his fees. Decker charged a reasonable hourly rate and possessed the expertise necessary to advise the personal representative. Although the total dollar amount of attorneys' fees incurred is high, Decker's billing records reflect that the contentious nature of this case required him to spend significant time juggling the competing interests of three heirs, who regularly disagreed, and responding to their objections.

¶15      Moreover, Maureen and Kelly, both lawyers themselves, openly criticized EVFS's administration of the estate. Ten months after EVFS's appointment, Kelly alleged that "[t]he estate has received little to no benefit from the fiduciary services in this matter and in fact the estate has been detrimentally impacted by the complete failure by the appointed fiduciaries to finalize and close this estate." Maureen filed lengthy and detailed objections to Decker's fees, which Kelly joined. They filed a separate objection to EVFS' fiduciary fees, which they later withdrew. On David's part, he filed an objection to the proposed distribution, which Maureen later characterized as a "meritless pleading which clearly serves no purpose other than to force the estate to incur more fees/costs."

¶16      The same commissioner presided over this matter from the time EVFS was appointed to the final settlement. She observed that although this case "could have been a routine probate matter," it had become complicated "due to difficulties between the co-personal representatives, the many years of delays, and the on-going inability of all three heirs to 'get along'." The probate court was in the best position to determine the reasonableness of Decker's fees. *See In re Estate of Wright*, 132 Ariz. at 560 ("The reasonableness of compensation for the attorneys representing the personal representative is peculiarly within the knowledge of the probate court and will not be disturbed absent a showing of abuse of discretion.").

¶17      It is unfortunate that Decker was required to spend so much time defending his fees, but his actions are reasonable given the contentious nature of this litigation. Viewing the facts in the light most favorable to

upholding the probate court's decision, we find no abuse of discretion and affirm the order approving Decker's fees.

## II.    Fiduciary Fees

**¶18**          Maureen also argues that the probate court erred in directing payment of $7,354.05 in fiduciary fees.  She explains that EVFS had already been paid for those fees.  EVFS agrees.

**¶19**          Because the probate court's order directed the heirs to return $24,908.90 to the Estate and this amount mistakenly included $7,354.05 in fiduciary fees, we remand this matter with instructions for the court to amend its order to reflect that EVFS's fiduciary fees were paid in full.

## CONCLUSION

**¶20**          For the foregoing reasons, we affirm the probate court's ruling approving the estate's attorneys' fees.  We vacate the court's ruling approving fiduciary fees in the amount of $7,354.04 and remand for amendment of the order to reflect payment of those fees.

**¶21**          EVFS requests an award of attorneys' fees on appeal from the estate, pursuant to A.R.S. § 14-3720.  We grant its request upon compliance with Arizona Rule of Civil Appellate Procedure 21.

