NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

BIJEN L. DYREK, *Plaintiff/Appellant*,

*v.*

CHRISTOPHER A. DYREK, *Defendant/Appellee*.

No. 1 CA-CV 23-0237
FILED 4-25-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-001596
The Honorable Sara J. Agne, Judge

**VACATED & REMANDED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Bradley A. Burns, Amanda E. Newman
*Counsel for Plaintiff/Appellant*

The Cavanagh Law Firm P.A., Phoenix
By Helen R. Davis, William M. Demlong, Parker C. Bunch
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1**        Bijen Dyrek ("Wife") appeals from the superior court's order granting Christopher Dyrek's ("Husband") motion to dismiss her complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. We find (1) the court has jurisdiction and (2) that the court's dismissal for failure to state a claim was premature. Accordingly, we vacate the court's order and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Wife filed for a divorce from Husband in 2016. As part of the divorce, the parties entered into a Property Settlement Agreement ("PSA") to divide their property. Husband's and Wife's marital community owned a portion of a certain asset[1] ("Asset"), a company Husband managed. The PSA included Husband's valuation of their share of the Asset and his assurance there were no plans to sell, or potential buyers for, the Asset. The PSA awarded the interest in the Asset to Husband and awarded Wife an equalization payment based on Husband's valuation of the Asset. In January 2020, the parties finalized the divorce with a consent decree, which incorporated and merged with relevant portions of the PSA.

**¶3**        In December 2021, the Asset was sold for over six times the amount Husband had represented as its value in the PSA. Two months later, Wife sued Husband in superior court alleging fraud in the inducement and negligent misrepresentation on grounds that Husband made false representations about the Asset's valuation in the PSA. In response, Husband moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Husband argued that because the relevant

---

[1]        The specific details surrounding the identity of the asset and its later sale are the subject of non-disclosure requirements, prompting the superior court and this court to issue orders sealing the briefing. Thus, we reference the facts only generally as needed.

portions of the PSA merged with the consent decree, there was no longer a contract that could give rise to wife's claims.

¶4   The superior court granted Husband's motion and dismissed Wife's claims with prejudice. The court explained that because of the merger, Wife's claims arise out of the now-defunct PSA and "the family court is the only forum in which she might find relief." Wife timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

¶5   We review de novo the court's dismissal for lack of subject matter jurisdiction. *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz Cnty.*, 233 Ariz. 460, 462 ¶ 9 (App. 2013). We also review de novo the court's dismissal of a complaint for failure to state a claim under Arizona Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Sanchez v. Maricopa Cnty.*, 256 Ariz. 441, 443 ¶ 7 (App. 2023). In our review, "we assume the well-pleaded facts alleged in the complaint to be true and affirm the dismissal only if Plaintiffs would not be entitled to relief on any interpretation of those facts." *Id.*

## I. The Superior Court Has Subject Matter Jurisdiction Over Wife's Claims.

¶6   The superior court is a "single unified trial court of general jurisdiction." *L.H. v. Vandenberg*, 256 Ariz. 44, 49 ¶ 17 (App. 2023) (quoting *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102 (1995)). For administrative and organizational purposes, the superior court may have specialized trial departments, such as criminal, civil, family, and others. *Id.* And although we have occasionally referred to such departments as courts—for example, "criminal and civil" courts—this practice of convenience "does not make them discrete courts." *Id.* Rather, we reiterate that the superior court's decision to organize itself into departments as an "in-house administrative mechanism" does not alter its constitutionally granted subject matter jurisdiction, nor remove the power of its various judges to hear and decide all matters and "issue all writs necessary to the complete exercise of its jurisdiction." *Id.*; *see also* Ariz. Const. art. VI, § 14; A.R.S. § 12-123.

¶7   Here, the superior court stated that due to the merger of the PSA into the decree, it lacked jurisdiction to hear Wife's claims because she was required to seek relief exclusively in "family court." We disagree.

¶8   When one department of the court is confronted with a case that may, or should, be assigned for resolution before a different

department, the court may choose to transfer such cases between its departments. But filing a claim before one administrative department of the court versus another does not implicate jurisdiction, and it was error to dismiss Wife's complaint for lack of subject matter jurisdiction. Because the superior court, as a "single unified trial court of general jurisdiction," had subject matter jurisdiction over Wife's claims, we vacate the court's order dismissing Wife's complaint on Rule 12(b)(1) grounds.

## II. The Superior Court's Dismissal for Failure to State a Claim was Premature.

¶9 Although the superior court discussed merger doctrine in its ruling, it did so only as a predicate to analyzing whether it had subject matter jurisdiction. The court's decision to address merger only in this limited context prevents us from reviewing the court's order on Rule 12(b)(6) grounds. As an example, the mere fact that merger occurred would not necessarily dispose of this case. Notably, the court did not discuss whether Wife's claim could proceed under Arizona Rule of Family Law Procedure 85(d)(3), which empowers courts to set aside a judgment for fraud on the court despite merger. We express no opinion as to the strength of this or Wife's other arguments, nor do we have sufficient facts to decide them. *See Freeport McMoRan Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478 ¶ 15 (App. 2011) (explaining that we do not issue advisory opinions). As this case stands, we conclude that the Rule 12(b)(6) ground is unripe for our review because the court did not sufficiently engage with it. Therefore, we find the court erred in granting Husband's motion to dismiss for failure to state a claim.

## CONCLUSION

¶10 For the foregoing reasons, we vacate the superior court's order and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

4